1840.

Sandford
v.
Sinclair.

---

## Sandford *vs*. Sinclair.

Upon a creditor's bill filed to obtain satisfaction of a judgment after the return of an execution at law unsatisfied, the court of chancery is not authorized to decide upon the regularity of the judgment and execution in the court of law. But, in a proper case, the proceedings upon the creditor's bill will be stayed a sufficient length of time to enable the defendant to apply to the court of law for an order to set aside the judgment, or the execution, for irregularity.

As a general rule, an order for a receiver will not be granted, ex parte, until the time for the defendant's appearance has expired and the bill has been taken as confessed against him ; except where he has fraudulently withdrawn himself out of the jurisdiction of the court to avoid the service of process.

But where it is necessary to appoint a receiver of the property of an absentee, before the time for his appearance has expired, to prevent such property from being wasted or removed beyond the jurisdiction of the court, such receiver may be appointed ex parte.

THIS was an appeal by the complainant from a decision of the vice chancellor of the first circuit, setting aside an ex parte order in this cause for the appointment of a receiver, upon a creditor's bill. The defendant was an absentee, and the complainant not being able to serve the subpœna, in consequence of such absence, obtained the usual order to advertise for the defendant to appear. And the ex parte order for the appointment of a receiver was

May 16.

obtained before the time for appearing had expired. One other ground of objection to the complainant's suit, and which the vice chancellor considered as sufficient to arrest the proceedings in this court, was that there had been an irregularity in obtaining a return of the execution unsatisfied, in the supreme court, after the service of a chamber order to stay proceedings until the hearing of a motion for a new trial, upon a bill of exceptions.

*L. H. Sandford*, appellant, in person.

*G. A. Bicknell*, for the defendant.

THE CHANCELLOR. The objection that the bill was prematurely filed, on account of an alleged irregularity, in proceeding in the supreme court after the service of the order of the circuit judge, is not well taken. Every court is the judge of the regularity of its own proceedings where it has jurisdiction of the case. And if the complainant proceeded irregularly, in issuing his execution in the supreme court, or in procuring a return thereof, notwithstanding the order of the circuit judge, the defendant should have applied to that court to set aside the execution, or the return of the sheriff, for the irregularity. All that it is proper for this court to do, in such a case, is to stay the suit here until the defendant has had an opportunity to apply to the court of law, for relief against the supposed irregularity. And if the defendant neglects to make such an application, or if the application is denied by the court having jurisdiction to examine and correct the supposed irregularity, this court is bound to treat the proceeding as regular ; except in cases of fraud or collusion. (*Shottenkirk* v. *Wheeler*, 3 *John. Ch. R.* 275.)

I think, however, the complainant did not show a case entitling him to the appointment of a receiver, ex parte, before the defendant was in default for not appearing. As a general rule, a receiver is not granted without notice to the defendant, until the time for his appearance has expired ;

except where such defendant has fraudulently withdrawn himself from the jurisdiction of the court, to prevent the service of process upon him. But under special circumstances, where it is necessary to appoint a receiver of the property of an absentee to prevent its being wasted or removed beyond the jurisdiction of the court, a receiver will be appointed ex parte. (*See Fairfield* v. *Irvine*, 2 *Russ. Rep.* 149 ; *Gibbins* v. *Mainwaring*, 9 *Simons' Rep.* 79 ; *The People* v. *Norton*, 1 *Paige's Rep.* 17.) In the present case it was not shown that the defendant had any property of a perishable nature, or any choses in action which would be in danger of being lost if not collected immediately ; or that any other special circumstances existed to render it necessary or proper to put a receiver upon the defendant's property, without giving him an opportunity to be heard. The ex parte order for the receiver was therefore improperly granted ; and the decision of the vice chancellor in setting the same aside was proper, and must be affirmed with costs. But as the defendant has now appeared in the cause, the complainant is to be at liberty to renew his application upon due notice to the defendant's solicitor.