## BINGHAM *vs.* DISBROW and others.

The proper construction of section 292 of the code, authorizing an examination of a judgment debtor when an execution issued to the sheriff of the county " where he resides" is returned unsatisfied, is to apply the residence to the time of issuing the execution. The debtor cannot, by his act of changing his place of residence, afterwards, deprive the creditor of the right to an order for his examination.

The order must require the debtor's appearance in the county " to which the execution had been issued ;" but so far as the jurisdiction of a judge of the supreme court to make the order is involved, the residence of the debtor, at the time of issuing the order, is immaterial. The powers of the judge being coextensive with the state, his authority to make the order extends throughout the state, irrespective of the debtor's residence.

He has power to direct the examination to be before a referee, under section 300 of the code.

Where a judgment debtor appears before a referee, and submits to an examination without objection, this will amount to a waiver of any irregularity ; and an order for the appointment of a receiver founded on such voluntary appearance and waiver will be valid, and cannot be affected by an objection to the jurisdiction, in an action brought by the receiver.

APPEAL from a judgment entered at a special term. The action was brought by the plaintiff as receiver of Alfred Disbrow, a judgment debtor, against the said Alfred Disbrow and others, to set aside a transfer made by Disbrow and William Strang, his assignee, of Alfred Disbrow's distributive share in the estate of Stephen R. Disbrow, his deceased brother. In November, 1852, C. S. Martin recovered a judg-

ment against Alfred Disbrow and one Wheeler.  Alfred Disbrow then residing in Tompkins county, an execution was issued to the sheriff of that county.  He afterwards removed to the county of Cayuga.  In December, 1855, Martin, the judgment creditor, applied to Justice Strong, of the seventh district, for an order for the examination of Disbrow in proceedings supplementary to execution.  The affidavit of Martin, on which the application was made, stated the recovery of the judgment; the issuing of the execution against the property of the judgment debtor, on the 15th of November, 1852, to the sheriff of Tompkins county; that at the time of issuing said execution, Disbrow resided in said county, "and now resides near Port Byron, in Cayuga county;" and that the sheriff had returned the execution unsatisfied.  Also that he had property which he refused to apply to the payment of the judgment.  The order being granted, for the examination of the judgment debtor before a referee residing at Port Byron, the referee issued a summons, requiring the attendance of the debtor, at the referee's office at Port Byron. He attended accordingly, and was examined as to his property.  In March, 1856, Justice Strong, without notice to the judgment debtor, appointed the plaintiff herein, receiver of the debts, property, &c. of such debtor.  Judgment was given for the plaintiff, in this action at the special term, and the defendants appealed.

*Bogardus & Brown,* for the appellants.

*W. Norton & L. S. Chatfield,* for the respondent.

*By the Court,* INGRAHAM, P. J.  The plaintiff was appointed receiver of a debtor, under supplementary proceedings.  The affidavit showed that the execution had been issued in a county where the debtor resided when it was so issued, which was three years previous; but it appeared that the debtor had afterwards removed to another county.

Bingham *v.* Disbrow.

To warrant such proceedings, it is undoubtedly necessary that an execution should be issued to the county where the debtor resides, before the order for his examination can be made. The question arises, whether this refers to the time of the issuing of the execution, or of the application to the judge. At the hearing of this appeal I was inclined to think the affidavit in this case defective; but on more examination I have come to a contrary opinion. The words of the statute (*Code*, § 292) are, "When an execution, &c. issued to the sheriff of the county where he [the debtor] resides, is returned unsatisfied," &c. The proper construction of this is, I think, to apply the residence to the time of issuing the execution. The words, throughout, are in the present tense: "When an execution issued to the sheriff of the county where the debtor resides," only applies to the issuing of the execution; and the residue of the sentence, "is returned unsatisfied," also being in the present tense, also applies the residue of the sentence to the execution when issued, and to an occurrence necessarily past. The moment this had occurred, viz. the issuing of the execution to the sheriff of the county where, at the time, the debtor resided, and its return unsatisfied, the plaintiff was entitled to an order from a judge of the court, for the examination of the debtor. All the facts necessary to give the judge jurisdiction at the time existed. I am of the opinion that the debtor could not, by his act, deprive the creditor of the right to the order for his examination, by changing his place of residence. If he could do so, then it is in the power of a debtor to defeat, at all times, his creditor. He has only, during the running of the execution, to cross the boundary line into another county and reside there, thus to defeat his creditor.

I do not think the statute requires any such construction, but on the contrary, that the requirements of the statute are satisfied when the execution has been issued to the county where the debtor resided at the time of the issuing thereof, and that

Bingham *v.* Disbrow.

the subsequent change of residence by the debtor does not defeat the creditor's proceeding.

The order must require the debtor's appearance in the county to "which the execution had been issued." That county was the one in which the debtor resided when the execution was issued. So far as the jurisdiction of a judge of the supreme court to make the order was involved, the residence of the debtor at the time of issuing the order was immaterial. Any judge of this court may make an order for the examination of the debtor before himself, in the county to which the execution against the debtor had been issued. The jurisdiction of the judge does not depend upon his residence, or his location, at the time of making the order. As his powers are coextensive with the state, so his authority to make this order extends throughout the state, irrespective of the debtor's residence. I do not refer to the place where he is to direct the examination to take place. That is directed by the statute to be in a particular county. If he is not to be in such county, he has power to direct the examination to be before a referee, under section 300 of the code. I think, therefore, there was no want of jurisdiction, in this case, in the judge by whom the first order was made. The affidavit showed all that was necessary to confer jurisdiction in the first instance, and such jurisdiction was not affected by the subsequent removal of the debtor to another county, after the execution had been returned.

I am also of the opinion that the debtor cannot raise this objection to the proceedings, in this action. The debtor appeared and was examined, and such examination, without objection on his part, was a waiver of the irregularity, if any. I concur with Duer, J. in *Viburt* v. *Frost,* (3 *Abb. Pr. Rep.* 119,) where he says : "The appearance and submission to examination must be regarded, if the order was null, as voluntary acts. And it cannot be reasonably doubted that a valid order for the appointment of a receiver may be founded upon a voluntary appearance and examination of the judgment

Bingham *v.* Disbrow.

debtor.   It is only when a judge or court has no jurisdiction of the subject matter of the proceeding in which an order is made, that the order is wholly void for want of jurisdiction. It is to such cases that the maxim ' consent cannot give jurisdiction,' applies.   In all other cases, the objection to the jurisdiction may be waived.   Here the general authority of the judge to make the order appointing a receiver—in other words, his jurisdiction over the subject matter of the order— was unquestionable."

So, in *Dudley* v. *Mayhew*, (3 *New York Rep.* 9,) it is said that an assent of the parties cannot give jurisdiction, in a matter over which the court has not by law cognizance.

I would add, also, that the like jurisdiction over the person of the debtor, under a proper affidavit, was likewise beyond dispute.   To hold the reverse of these propositions would virtually destroy the whole intent of the legislature, in this portion of the code.   If a debtor may, by secretly removing from the county while the execution is running, and afterwards submitting to an examination and the appointment of a receiver, without objection, defeat any action brought by such receiver, for such reasons, these provisions can be rendered nugatory.

I am of the opinion that the appointment of the receiver was valid, and cannot be affected by this objection to the jurisdiction, in the present action.

Judgment affirmed, with costs.

[New York General Term, February 3, 1862. *Ingraham, Clerke* and *Leonard,* Justices.]