## NEW YORK COMMON PLEAS.

### MONCRIEF agt. WARD.

This court has the power to collect a judgment *against a married woman for costs, by execution,* whether that power be based upon section 287 or not.   The execution, however, must direct the collection of the amount stated in it, out of her *separate estate.*

*New York Special Term, May,* 1863.

MOTION to set aside execution, issued for costs against a married woman.

BRADY, J.   The Code, section 114, provides that when the action concerns her separate property, a married woman may sue alone.   The act of the legislature (*Session Laws* 1860, *p.* 157) by section seven enlarges this right of a married woman to sue.   She may also maintain an action in her own name against any person for damages to her person or character, and the intent seems to have been to assimilate the forms of procedure against her to those against *feme sole,* where she could be sued at all. (*Barton* agt. *Beer,* 21 *Howard Pr. R.,* 309.)

Having the right to sue, the power must be employed *cum onere.*   The statute awarding costs does not except a married woman, either as plaintiff or defendant, from the payment of costs when unsuccessful.   There is no just reason why she should be thus excepted.   Having the *status* of a *feme sole* in the courts, if she fail in her action, it would be unjust to compel her adversary to resort to extraordinary modes to collect his costs.   It cannot be that the legislature intended this.   It is true, that until the amendment of the Code (§ 274) in 1862, the legislature did not in express terms provide that costs could be recovered against her, but such was the effect of the statutes then in existence, as I interpret them.   That amendment merely declared the necessary legal conclusion from

the existing statutes, no class of suitors, as already suggested, having been excepted from them. The execution to compel the payment of such costs must be enforced against her separate estate, whether so directed or not. It cannot be employed against the property of another person *per se.*

If the judgment creditor claim that the husband is liable, he must collect the judgment in some other mode against him, although I think there is no force in the suggestion that he is or could be, even though the action were commenced prior to the amendment of section 274, (*supra,*) which exempts him from liability. Entertaining this view of the question presented on this motion, it may be unnecessary to consider what bearing section 274, as amended, has upon it, but I think it better to express my views on that subject. When the costs accrued in this case, the act of 1862 (*supra*) was in force, and it applied as well to existing suits as to those brought after its passage, inasmuch as the right to costs is created by statute and wholly depends upon it, and that right does not become fixed until the termination of the action, and inasmuch also as it is competent for the legislature to abolish the allowance which was provided at the time the suit was commenced. (*Supervisors of Onondaga* agt. *Briggs,* 3 *Denio,* 173; *Van Valkenburgh* agt. *Van Alen,* 1 *How. Pr. R.,* 86; *Goodenow* agt. *Livingston, id.,* 232; *Holmes* agt. *St. John,* 4 *How. Pr. R.,* 66; *Leasmon* agt. *Aikin,* 4 *Hill R.,* 591.) Having that power, they could undoubtedly create an allowance in cases where none was granted. And it follows that, whether the question under consideration is to be determined on the statute as to costs in existence when the action was commenced, or at its termination, the defendant is entitled to a judgment for costs. The provision of section 274 of the Code as amended, (*supra,*) giving the supreme court jurisdiction in any proceeding to enforce the judgment for costs, does not deprive this

court of the power to collect it by its process of execution. This is manifest from the amendment of section 287, which provides that an execution may issue against a married woman, with directions, however, that the levy and collection of the amount of the judgment against her be made of her separate property. An execution cannot be strictly termed a proceeding to enforce the judgment, within the meaning of section 274. The judgment, it is therein declared, is to be levied and collected of her separate estate, and, as we have seen, an execution may issue for that purpose. There being no restrictive language in section 287, the execution can be issued from the court awarding the judgment. The legislature has not taken away by express enactment any power of the courts on that subject, and the intendments, as matter of construction, are in favor of jurisdictions already had. It may have been the purpose of the legislature to confer upon the supreme court exclusive jurisdiction where the separate estate was so situate that it could not be reached by execution, making some proceeding necessary to its appropriation other than the issuing of an execution. Whether this be so or not, I am satisfied that this court has the power to collect a judgment against a married woman for costs, by execution, whether that power be based upon section 287 or not. The execution, however, was perhaps erroneous in form, not directing, as it ought to have done, the collection of the amount stated in it, out of the separate estate of the plaintiff. But the error is not of any importance.

This motion will therefore be denied, without costs, and the defendant be permitted to amend his execution in the respect named.