## SUPREME COURT.

THE UNION BANK OF TROY agt. WILLIAM SARGEANT and JACOB LOWN.

On *appeal* from an order appointing a *receiver in supplementary proceedings*, objections to the preliminary affidavit upon which the proceedings were originally founded cannot be entertained, where there is nothing in the papers to show that such objections were made before the county judge, or that he made any decision relating to them.

The proper remedy in such case would have been to have made a *motion to vacate the original order.*

The objection that the *execution* appears to have been issued after the expiration of five years from the entry of judgment, cannot be entertained on such appeal. If the execution was improperly issued, the defendant should have applied to the court to set it aside for irregularity.

*Albany General Term, March,* 1867.

PECKHAM, MILLER *and* HOGEBOOM, *Justices.*

APPEAL from order of county judge of Rensselaer county, appointing a receiver in proceedings supplementary to execution, by defendant Lown.

The defendant interposes various objections to the preliminary affidavit upon which the proceedings were originally founded, which he alleges were made before the county judge, when the motion was made for the appointment of a receiver, upon the report of the referee to whom it was referred to examine the defendants, but which do not appear to have been urged by any of the motions upon which the appeal is heard.

C. H. DENIO, *for defendants and appellants.*

C. F. Taber, *for respondent and plaintiff.*

*By the court,* Miller, J.    It may be questionable whether the defendant has not waived the right to object to the preliminary affidavit, by appearing before the referee and submitting to an examination.    It has been held that such appearance is a waiver in several cases.

In *Vibert* agt. *Frost* (3 *Abb.* 120, 121), Duer, J., says: "If the original order for the debtor's appearance was a nullity, he was not bound to appear; nor was he bound, when he appeared, to submit to an examination. His appearance and submission to an examination must, therefore, be regarded, if the order for his appearance was null, as voluntary acts. And it cannot be reasonably doubted that a valid order for the appointment of a receiver may be founded upon a voluntary appearance and examination of a judgment debtor."

*Bingham* agt. *Disbrow* (37 *Barb.* 24) holds. the same doctrine, and cites approvingly the case last above named. (*See also* 8 *How.* 315.)

*Sackett* agt. *Newton* (10 *How.* 560), where it was held that the officer did not acquire jurisdiction, because the affidavit was insufficient, arose on an appeal from the order appointing a receiver, as well as the several orders prior thereto. The point was taken that the defendant had waived his right to object to the regularity of the proceedings, by appearing and submitting to an examination; but the question is not discussed in the opinion.

Passing by the point discussed, I am at loss to see how the objections to the affidavit can be raised upon this appeal from the order appointing a receiver. There is nothing in the papers to show that the objections to the preliminary affidavit now urged were made before the county judge, or that he made any decision relating to them. I think the proper course would have been to have made a motion to vacate the original order. This was done in *Owen* agt.

*Dupignac* (17 *How.* 512), and I do not see how this question could properly be presented in any other way. This would bring the question up directly, so that a decision could be had and an order made which could be properly reviewed on appeal. And such seems to be the practice. (*Lindsay* agt. *Sherman*, 5 *How.* 308; *Conway* agt. *Hitchins*, 9 *Barb.* 378, 387; *Bank of Genesee* agt. *Spencer*, 15 *How.* 14.)

If the objection made, that the execution appears to have been issued after the expiration of five years from the entry of the judgment, can be entertained here, I think it is not a valid one. If improperly issued, the defendant should have applied to the court to set it aside for irregularity. (*Sandford* agt. *Sinclair*, 8 *Paige*, 372.) It may have been issued by the order of the court, for anything which appears in the papers, or a prior one may have been issued within the five years, and returned unsatisfied; and I do not think that it was essential to show that either the one or the other of these contingencies had occurred on the application for the original order.

The second subdivision of section 292 of the Code provides that the same proceedings may be had as for the application of the property of the judgment debtor towards the satisfaction of the judgment as are provided upon the return of an execution. This would authorize the appointment of a receiver, if necessary; and I think sufficient appeared from the defendant's examination to warrant the order made.

The order of the county judge must be affirmed with $10 costs of appeal, without prejudice to any application of the defendant to set aside the order first made, and subsequent proceedings.

I *concur.* I think the last clause, "without prejudice," &c., might just as well be omitted.

H. HOGEBOOM.

I concur in the within, with the proviso retained.

R. W. PECKHAM.