DANIEL D. BELL AND LUCAS KROM, JR., APPELLANTS, *v.* OSCAR VERNOOY AND JOHN E. VAN ETTEN, RESPONDENTS.

*Relationship of judge to parties — does not invalidate an order of reference entered by consent.*

When an action pending in the county court is called for trial, and it is, by the consent of the parties, sent to a referee to hear and determine, the fact that the county judge is disqualified from sitting by reason of relationship to one of the parties does not render such order void, or the judgment entered upon the report of the referee invalid.

APPEAL from a judgment dismissing the complaint, entered upon the report of a referee.

In 1868 the defendant, Oscar Vernooy, brought an action in a justices' court against these plaintiffs and one Meeker Gorham (who was also one of the original plaintiffs herein, but who has died pending this suit), to recover the amount of a promissory note given for money lent. Judgment was obtained by the plaintiff, and the

defendants in said judgment appealed to the County Court of Ulster county. The cause, when there reached in its order upon the regular call of the calendar, was, by consent in open court, referred to Howard Chip, counselor at law, to hear and decide, and the clerk entered the order reciting such consent. Six hearings were had before the referee, at all of which the defendants, without objection, attended in person and by counsel.

The referee made his report in favor of Vernooy, the plaintiff in said action, on which judgment was entered. This action was brought to declare the said judgment void, on the ground that the order of reference entered by consent in open court was void because the county judge, who presided at that time, was related by affinity to Lucas Krom, jr., one of the parties, within the ninth degree (the exact degree being the eighth degree).

*J. V. V. Kenyon*, for the appellants.

*Van Etten & Clearwater*, for the respondents. No order of reference was necessary after the parties had submitted themselves to the jurisdiction of the referee and tried their cause upon its merits before him without objection. They are concluded upon the principle of waiver and estoppel. (*Laycroft* v. *Fowler*, 7 How., 259; *Keator* v. *The Ulster and Delaware Plankroad Co.*, 7 id., 41; *People* v. *McGinnis*, 1 Parker, 387; *Ubsdell* v. *Root*, 3 Abb., 142; *Hayes* v. *The People*, 25 N. Y., 396; *Scudder* v. *Snow*, 29 How., 95; *Dayharsh* v. *Enos*, 5 N. Y., 531; *Quinn* v. *Lloyd*, 7 Rob., 157 ; *Greasan* v. *Keteltas*, 17 N. Y., 491 ; *Eggleston* v. *Smiley*, 17 John., 133; *People* v. *Brennan*, 3 Hun, 666; *Marcy* v. *Nelson*, 62 N. Y., 638; *Whalen* v. *The Board of Supervisors of Albany*, 6 How., 278; *Bingham* v. *Disbrow*, 37 Barb., 24; *Harris* v. *Bradaham*, 18 John., 26; *Bucklin* v. *Chapin*, 53 Barb., 488; *Diddell* v. *Diddell*, 3 Abb., 167, and authorities collected in a note to that case.)

BOCKES, J. :

The record in the County Court was in due form, and established an apparent lien upon the plaintiffs' real property. Passing the point that the relief sought in this suit might have been obtained

by motion in the County Court, and admitting that this action was well brought in theory to remove the lien, inasmuch as the proof necessary to establish its invalidity was *de hors* the record, then we are of the opinion that the facts relied on to support it are insufficient to effect that result. The invalidity of the judgment entered in the County Court is put upon this ground : That such judgment was based on an order of reference which was *void*, inasmuch as the judge of that court, which was in session at the time the order was entered, was disqualified by the statute from acting in the suit by reason of his relationship to one of the parties. It appears that the order of reference was by consent of parties to the action. The judge, therefore, exercised no judicial function on its entry. Consent to the order being given by the parties to the action, its entry upon the record was matter of course. A formal approval even, by the judge, was not necessary to its validity. The order would have been valid, entered out of term on the written stipulation of the parties. (Code, § 270.) In this case there was in effect a waiver, of a formal written stipulation. Parties will be held to such waiver, after having recognized the order by going to trial before the referee named in it without objection, and they will thereafter be estopped from denying its validity. (Note to *Diddell* v. *Diddell*, 3 Abb., 167, 171, and cases there cited ; also *Scudder* v. *Snow*, 29 How., 95 ; *Quinn* v. *Lloyd*, 7 Robt., 157; *Greason* v. *Keteltas*, 17 N. Y., 491 ; *Macy* v. *Nelson*, 62 id., 638 ; *Bingham* v. *Disbrow*, 37 Barb., 24; *Bucklin* v. *Chapin*, 53 id., 488.) This was not an *ex parte* order, if indeed that would have made any difference after trial without objection ; but the case is the same as if the parties were all present and joined in the entry on the record. If a party actually draws up an order and himself enter it upon the record, would he not be deemed to have consented in writing to the order ? Would not such action be deemed equivalent to a stipulation, in writing, on his part, to its entry ? The order, in terms, declares his consent in such case. Now, in this case, the clerk in entering the order acted for the parties and, as we may presume, in their presence. His action was their action, and thus by the order itself reciting their consent ; there was in point of fact a consent in writing by the parties actually entered

in the record. The judge performed no judicial duty or act. None was required of him by law ; and even although this action was taken by the parties, while the court was in session, it was well and properly done by them without aid from the judge. His consent or sanction was quite unnecessary to its regularity and validity. If valid without his sanction, his approval of the order would not render it invalid. Stress is laid on the fact that the order is entitled " at a court held, etc. Present — Hon. A. SCHOONMAKER, jr., county judge." But the entitling constituted no part of the order and may be disregarded. (*In the Matter of the Knickerbocker Bank,* 19 Barb., 602; *Dresser* v. *Van Pelt,* 15 How., 19, 25.) At most it would show only that it was entered while the court was in session. Yet, as has been remarked, this fact would not in any way effect an order entered, as this one might have been, out of court on stipulation. The case is not brought within the purview of the statute, which declares that no judge of any court can sit *as such* in any cause in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties. The judge decided nothing in the action, nor did he select the referee who tried and determined it. The referee was chosen by the parties themselves, and was by them brought in to adjudicate upon and to determine their rights in the way authorized by law.

It is further urged, on the part of the respondent, that this action cannot be maintained, inasmuch as complete and appropriate relief, if any were needed, could have been attained in the suit in the County Court by proper application there — another person having succeeded Judge SCHOONMAKER as county judge. It is not deemed necessary to consider this point, as the conclusion above reached necessarily leads to an affirmance of the judgment appealed from, and the judgment should be affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.