CASE No. 1121.

CLINKSCALES v. HALL.

1. A married woman may be sued at law upon her personal contract entered into as surety for her husband, if it was based upon sufficient consideration, and was not procured by duress.
2. The provisions of Sections 298 and 310 of the code of procedure, requiring an execution against a married woman to direct a levy and collection out of her separate property and not otherwise, are merely directory, and not necessary to the validity of the execution.
3. A judgment, not absolutely void, cannot be assailed by the judgment debtor under supplementary proceedings.

---

Before PRESSLEY, J., Anderson, September, 1879.

The appeal in this case was from an order in supplementary proceedings commenced by Reuben Clinkscales, as administrator of Jeremiah Moore, under judgment obtained by the intestate in October, 1876. The opinion states the case.

*Messrs. Murray & Murray,* for appellants.

*Mr. J. C. C. Featherston,* contra.

November 21st, 1881. The opinion of the court was delivered by.

McGOWAN, A. J. This was an action on a note under seal, as follows :

One day after date we, or either of us, promise to pay Jeremiah Moore or bearer the sum of three hundred and seventy-nine dollars and eighty-seven cents, value received, with interest at twelve and a half per cent. yearly. Witness our hands and seals this January 31st, 1874.

J. G. HALL. [L. S.]

M. JANE HALL. [L. S.]

The signers of the note were both sued and judgment by default rendered against them. Judgment and execution were issued in the usual form. The sheriff returned the execution unsatisfied, and supplementary proceedings were taken against the defendant, M. Jane Hall, who was ordered to appear at Anderson Court-house on September 18th, 1879, to be examined and make discovery on oath concerning her property, &c. She employed counsel, and it then appeared, for the first time, that she was the wife of her co-defendant, J. G. Hall, neither the complaint nor judgment and execution having made any reference to that fact. The judgment was in the usual form against parties *sui juris*, and the execution contained the mandate " to satisfy the said judgment out of the personal property of the said M. Jane Hall within your county; or, if sufficient personal property cannot be found, then out of the real property in your county belonging to such judgment debtor, &c., * * * in whose hands soever the same may be," &c.

The attorney of Mrs. Hall advised her not to answer the interrogatories until it could be determined whether, as a married woman, she was liable. She was ruled to show cause why she should not be attached as for a contempt in refusing to answer touching her property. She answered the rule, disclaiming disrespect and assigning reasons for not answering interrogatories. The return was heard by Judge Pressley, who made the rule

absolute, and from that order Mrs. Hall appeals to this court upon the following exceptions :

" 1. Because the defendant, M. Jane Hall, being a married woman, and having signed the note upon which the judgment in this case was obtained as surety for her husband, the whole proceedings, so far as they relate to her, are void *ab initio*.

" 2. Because his Honor erred in holding that the judgment and execution in this case were valid, whereas he should have held that M. Jane Hall, being a married woman, the pleadings must show the fact, and such other facts as would charge her, under the statutes, as a married woman, and render her liable upon the contract sued on, and that the pleadings in this case having failed so to do, that the whole pleadings were absolutely null and void.

" 3. Because the judgment and execution being without the authority of law, all subsequent proceedings under the same are absolutely null and void, and the defendant, M. Jane Hall, cannot be required by virtue of such proceedings to answer concerning her property under proceedings supplementary to execution.

" 4. Because, if the pleadings were valid and the debt genuine and binding, his Honor erred in holding that the judgment and execution are valid, whereas they are contrary to the statutes of this state and null and void, and no proceeding can be had under them.

" 5. Because his Honor erred in holding that a married woman can become a surety for her husband under the statute of this state, which provides that she may ' make a contract as if she were a *feme sole*.'

" 6. Because the decision of his Honor is incorrect in that it enlarges the powers of married women beyond those allowed by the constitution of this state, and is repugnant to the provisions of said constitution relating to the property of married women."

The first, fifth and sixth exceptions insist that the proceedings were void " *ab initio*," for the reason that Mrs. Hall, being a married woman, had not capacity to bind herself by a personal contract upon which she could be sued in an ordinary action at law. In the case of *Pelzer, Rodgers & Co.* v. *Campbell & Co., ante p.* 581, this court held that under our late constitution and

laws, a married woman has capacity to bind herself by a personal contract just as if she were a *feme sole*. It is not necessary to repeat here the reasons for that judgment, to which reference is made. The consequence is that this plaintiff or his intestate had the right to sue the defendant at law, notwithstanding she was a married woman when she signed the note. It does not matter whether she gave it for property purchased by herself or as surety for her husband, only provided it was given on sufficient consideration and was not extorted under circumstances that would avoid any note upon the ground of duress. *Wright* v. *Remington*, 12 *Vroom* 41.

The second, third and fourth exceptions make the point that, even if the debt was legal and recoverable, the judgment and execution, *not having the form* required by law, are absolutely void, and, therefore, the supplemental proceedings based on them are also void. Under our law, as it stands at present, a married woman has the right to bind herself by a contract that may be sued to judgment against her, which is nominally a judgment *in personam*, yet in its character it is so far a judgment *in rem* that it can be enforced only against a particular kind of property. Subdivision 4 of Section 298 of the code of procedure, under the caption " Manner of Entering Judgment," provides that " in action brought by or against a married woman, judgment may be given against her as well for costs as for damages, or both for such costs and such damages, in the same manner as against other persons, *to be levied and collected of her separate estate, and not otherwise.*" And in Section 310 it is declared that " an execution may issue against a married woman, and it shall direct the levy and collection of the amount of the judgment against her from her separate property, and not otherwise."

These provisions are identical with those upon the same subject in New York. In that state, however, the law does not give a married woman the general power to contract debts, but only *in reference to her separate estate,* and hence it was logical in that state to enforce such contracts only against her separate estate. In this state a married woman has larger powers—she may contract and be contracted with as if she were unmarried— and it would seem a proper sequence that in this state the judg-

ment and execution should, in a corresponding degree, be more general in their tenor. Without regard to the difference in the laws of the two states as to the powers of a married woman to contract, our code follows that of New York as to *the forms* of judgment and process to collect. It may be that there is no great practical objection to this, as in this state *all* the property of a married woman is declared to be her separate property. But this consideration at least furnishes a reason why we should not be more exacting as to the insertion of the particular words in question than is thought necessary in the practice of that state.

It has been held in New York that "in case of a judgment against a married woman *it shall be expressly stated therein that the amount is to be levied or collected out of her separate estate, and not otherwise,* and the execution in its terms should follow the judgment." *Baldwin* v. *Kinnell*, 16 *Abb.* 353. But it has also been there held that the words prescribed by the code are *merely directory* and not necessary to the validity of an execution, which, even upon motion to set it aside, might be amended. *Wait's Ann. Code* 533; *Thompson* v. *Sargent*, 15 *Abb.* 452; *Moncrief* v. *Wood*, 25 *How. Pr.* 94. In the case last cited a motion was made to set aside an execution for costs against a married woman, which, in its terms, did not follow the words of the code, but was general. Judge Brady said: "The execution, however, was perhaps erroneous in form, not directing, as it ought to have done, the collection of the amount stated in it out of the separate estate of the plaintiff, but the error is not of any consequence."

The case of Thompson *v.* Sargent was very similar to this. Judgment was recovered by one Thompson against Lydia Sargent, a married woman. An execution in the ordinary form of executions against property was issued to the sheriff and returned unsatisfied. The plaintiff procured an order under the code for the examination of the judgment debtor, *which, with the execution and return, the defendant moved to set aside,* precisely as the appellant did in this case. Judge Clarke held as follows: "In the execution against a married woman, it is not necessary *to its validity* that it should contain the words contended for, [the same as here.] *The words are merely directory.* Of course the

sheriff cannot levy on any other property than the separate property, and unless the execution contains a contrary direction, there would be no danger that the sheriff would levy on any other. I hold, therefore, that the execution *is valid*. Being valid, I also hold that all provisions of the code in aid of or supplementary to the execution, apply to this execution as well as to any other." This would seem to be conclusive as to the case under consideration.

There is another view. The execution not being absolutely void could not be assailed in a collateral proceeding. The Circuit judge held that " when defendant permitted judgment to be entered against her by default, that had power to cure many serious defects, and he hesitated to declare the execution invalid in a collateral proceeding, no motion or other steps having been taken to set it aside." The principle announced is correct. Where parties allow judgment to go against them without defence, they cannot afterwards complain of that judgment. It is wise as a rule to sustain records when not assailed directly by proceedings instituted for that purpose. The rule is certainly general where the matters complained of are mere irregularities.

It might be otherwise if the record were absolutely void. In accordance with this principle, it has been held in a number of cases in New York that " in supplementary proceedings *the validity of the judgment and execution* could not be inquired into." *O'Neil* v. *Martin*, 1 *E. D. Smith* 415; *Saunders* v. *Hall*, 2 *Abb.* 418; *Bank* v. *Sargeant*, 53 *Barb.* 422. We are constrained to follow these cases.

The judgment of this court is that the order of the Circuit Court be affirmed.

SIMPSON, C. J., and McIVER, A. J., concurred.