GREEN v. BOOKHART.

1. Judgment was obtained against two defendants, one of whom resided in another county. Upon execution returned unsatisfied in the county of the judgment, the judge granted an order in supplementary proceedings for the appearance in that court of the absent debtor, who appeared without objection and was examined, and an order was then passed appointing a

receiver. *Held,* that such debtor had thereby waived his right to an examination in his own county, nor could he afterwards object to the appointment of the receiver upon the ground that no execution had there issued.

2. And in action by this receiver to recover from a third person property belonging to the judgment debtor, such defendant cannot interpose these irregularities as an objection to the appointment of the receiver.

3. Although the application for the appointment of receiver was made under subdivision 1 of section 312 of the code, the order might be granted under subdivision 2 of that section, if the facts appearing justified it, and under subdivision 2 the issue of execution is not a prerequisite to such appointment.

Before KERSHAW, J., Richland, November, 1882.

The opinion states the case.

*Mr. A. J. Green,* for plaintiff.

*Mr. J. M. McMaster,* contra.

July 5th, 1883. The opinion of the court was delivered by MR. JUSTICE McGOWAN. This was an action brought by the plaintiff, as receiver of the property of S. W. Bookhart, for the possession of a note for $650, belonging, as alleged, to the said S. W. Bookhart, and in his possession or that of Cynthia W. Bookhart, having been executed to the said S. W. Bookhart by A. G. Bookman and Mrs. M. A. Holmes about October, 1880. The defendants are man and wife, and reside in Fairfield county, where the action was originally brought, but was transferred to Richland county. They answered separately, simply denying each and every allegation of the complaint.

It appeared that in May, 1879, Jones, Davis & Bouknight recovered in Richland county a judgment against the said S. W. Bookhart and one Thomas W. Entzminger, as signers of a joint and several note, the latter of whom was a resident of Richland county, and entered judgment and issued execution against both in that county. Upon the return of the execution unsatisfied the judgment creditor, in July, 1879, instituted supplementary proceedings against both the defendants in execution, who were served with an order to appear and answer concerning their

property at Columbia, Richland county, where the judgment was entered and the execution returned. S. W. Bookhart appeared and was examined. He denied that he owned any property not exempt by law; but another witness (A. G. Bookman) testified that he, with M. A. Holmes, were indebted to the said S. W. Bookhart on the note for $650, before referred to. Whereupon Judge Wallace appointed the plaintiff, Allen J. Green, receiver, and ordered S. W. Bookhart to turn over to him the said note. A copy of this order was served on Bookhart and he again appeared and made affidavit " that he is not owner of the note of A. G. Bookman and Mrs. Holmes, and has never been such; that all of his doings in reference to said note were had as agent of his wife, Cynthia E. Bookhart." There was no appeal from the order appointing the receiver in Richland county or proceedings instituted to set it aside.

At the argument here it was admitted that there was some evidence tending to show that the said note was given to S. A. Bookhart but was in the possession of and claimed by Mrs. Cynthia E. Bookhart. At the close of plaintiff's testimony the defendant moved for a non-suit on the ground " that, inasmuch as it appeared from the record in the case of *Jones, Davis & Bouknight* v. *S. W. Bookhart and Thomas W. Entzminger*, that the execution had been issued to and returned unsatisfied by the sheriff of Richland county while the defendant Bookhart lived in Fairfield county, Judge Wallace had no jurisdiction in supplementary proceedings against said Bookhart, and that the appointment of the plaintiff as receiver was void, and he, not being legally appointed receiver, or the real party in interest, could not maintain the action."

The Circuit judge granted the non-suit as to Cynthia E. Bookhart but refused it as to S. W. Bookhart. Both plaintiff and defendant S. W. Bookhart appeal to this court, the plaintiff upon the ground that the judge erred in granting the non-suit as to Cynthia E. Bookhart, and the defendant upon the ground that the non-suit should have been granted as to both defendants.

The judgment of Jones, Davis & Bouknight, under which the supplementary proceedings were instituted, was obtained and the execution issued regularly in Richland county against S. W.

Bookhart as well as Entzminger, although the former lived in Fairfield. "If there be more than one defendant, then the action may be tried in any county in which one or more of the defendants reside." *Code,* § 146. In this view it was urged for the plaintiff that Richland county was the proper place for all proceedings which took place in the case; that the judgment and execution, properly entered in Richland, carried with them all proceedings based upon them, and there are cases in the New York practice, under a similar provision as to supplementary proceedings, which look that way. In *Wait's Anno. Code, p.* 573, *note,* it is said : "The issuing of an execution, the supplementary proceedings and the appointment of a receiver are proceedings in the action (not special proceedings), and where the court has authority to award an execution, jurisdiction to appoint a receiver in supplementary proceedings is also conferred." *Wegman* v. *Childs,* 41 *N. Y.* 159, and other authorities.

But subdivision 1 of section 312 of the code does not seem to make provision for such a case. The words are very explicit : "When an execution against property of the judgment debtor, or any one of several debtors in the same judgment, issued to the sheriff of the county where he resides or has his place of business, *    *·    *    is returned unsatisfied, in whole or in part, the judgment creditor, at any time after such return made, is entitled to an order from the judge of the Circuit Court, requiring such judgment debtor to appear and answer concerning his property, before such judge, at a time and place specified in the order, within the county in which the execution was issued," &c.

Here the execution was "issued" in Richland county, but we suppose that, under the above provision, the regular course would have been to issue an execution against S. W. Bookhart in Fairfield county and had it returned by the sheriff of that county. If so, S. W. Bookhart might have objected when the application was made in Richland that the execution should have issued to Fairfield county, and he could not be required to answer elsewhere. But, when summoned to Columbia, in Richland county, he made no objection. He appeared and was there examined, and upon such examination the judge appointed the plaintiff receiver, and from that order there was no appeal.

It seems to us that it is now too late for him to object. The provision seems to have been intended for the protection of the defendant in execution, that he might not be required to answer out of his county, or until the creditor had exhausted his remedy by execution. It was a right personal to him, and when he chose to waive it and to appear and answer in another county, he could not afterwards make the objection. "When a judgment debtor appears before a referee and submits to an examination without objection, this will amount to a waiver of any irregularity, and an order for the appointment of a receiver founded on such voluntary appearance and waiver will be valid, and cannot be affected by an objection to the jurisdiction in an action brought by the receiver." *Viburt* v. *Frost,* 3 *Abb.* 119 ; *Bingham* v. *Disbrow,* 37 *Barb.* 24 ; *S. C.,* 14 *Abb.* 251 ; *Wait's Anno. Code, p.* 575, and authorities in *note; Ridd. Sup. Pro.* (2d edit.) 25. We think there was no error on the part of the judge in refusing the motion for a non-suit as to S. W. Bookhart.

It is insisted, however, that the judge was also right in granting the non-suit as to Cynthia E. Bookhart; that she was no party either to the judgment or the supplementary proceedings, and the doctrine of waiver or estoppel could in no way be applied to her; and that when sued by the receiver for property of the debtor, she had the right to defend herself by showing that he had not been legally appointed receiver. It is true she was not a party to the proceedings in which the plaintiff was appointed receiver, and for that very reason she could not object to his title in an action brought by him as such. When the debtor has waived an irregularity, a third party cannot avail himself of it." *Riddle* 213. The plaintiff presented his commission as receiver appointed by a judge who had jurisdiction of the subject-matter and entitled to make the appointment. There was a presumption that the appointment was rightly made, at least until the contrary appeared, and she had not the right to attack it for irregularities in a collateral manner. The proper way to make that question was upon motion to set aside the proceedings. "A third person, when sued, cannot object to the

regularity of the receiver's appointment when the judgment debtor has waived the objection; nor can he object to an irregularity in the return of the execution." Supplement to *Ridd. Sup. Pro.* 138 and 193, and authorities; *Wait's Anno. Code* 563 and 575.

If the defendant Cynthia, in an action against her, had the right to show that the appointment of the receiver was without jurisdiction and absolutely void, we do not think that the omission to have an execution issued to the sheriff of Fairfield county and returned by. him, especially after the waiver of that privilege by the defendant in execution himself, was a jurisdictional defect or amounted to more than a mere irregularity, if that. *Riddle* 33. In the case of *Viburt* v. *Frost, supra*, it was said by Mr. Justice Duer that, "If the original order for the debtor's appearance was a nullity, he was not bound to appear; nor was he bound, when he appeared, to submit to an examination. His' appearance and submission to an examination must, therefore, be regarded as voluntary acts, and it cannot be reasonably doubted that a valid order for the appointment of a receiver may be founded upon a voluntary appearance and examination of a judgment debtor."

Besides, we see no good reason why the order of Judge Wallace appointing the receiver, may not be referred to sub-division 2 of section 312 of the code, which does not require as preliminary to the order that there should be any "return of the execution." It is in these words: "After the issuing of an execution against property, and upon proof by affidavit of a party or otherwise, to the satisfaction of the court or judge thereof, that any judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, such court or judge may by an order require the judgment debtor to appear at a specified time and place to answer concerning the same; and such proceedings may thereupon be had for the application of the property of the judgment debtor towards the satisfaction of the judgment as are provided upon the return of an execution." It cannot be doubted that the proceedings here referred to as "upon the return of an execution," include,

when necessary, the appointment of a receiver. It is well supported, both by reason and authority, that the remedies provided by the different sections of the code as to the appointment of receiver, are concurrent and cumulative. "There is no incompatibility between the remedies afforded by the different sections of the code as to the appointment of receivers. They are granted on different states of fact." *Heroy* v. *Gibson*, 10 *Bos.* 591; *Wait's Anno. Code* 574.

It true that the affidavit upon which the supplementary proceedings in this case were initiated, stated that "the execution had been issued and returned unsatisfied," indicating possibly that the application was made under subdivision 1 of section 312 of the code. Upon this affidavit, however, the judgment debtors were summoned to answer and witnesses to testify, and there appeared, as to S. W. Bookhart, the identical state of facts which authorize proceedings under subdivision 2 of said section of the code. It was shown that the execution had been "issued." There was at least *prima facie* "proof" that the judgment debtor had property (the note) which he unjustly refused to apply towards the satisfaction of this judgment, claiming that it belonged to his wife, which brought the case within the very terms of subdivision 2 aforesaid.

Under these circumstances, if it were necessary, we do not see why the fact that the proceedings were originally instituted under subdivision 1, should have excluded Judge Wallace from basing his order for the appointment of a receiver, upon the authority of subdivision 2, when the facts as proved authorized it. It seems that this very point has been decided in New York. "The second subdivision of section 292 (312 of our code) provides that the same proceedings may be had as for the application of the property of the judgment debtor towards the satisfaction of the judgment, as are provided upon the return of an execution. This would authorize the appointment of a receiver if necessary; and I think sufficient appeared from the defendant's examination to warrant the order made." *Union Bank of Troy* v. *Sargeant*, 35 *How. Pr.* 87.

The judgment of this court is, that so much of the judgment of the Circuit Court as granted the non-suit as to the defendant

Cynthia E. Bookhart, be reversed, and the cause remanded to the Circuit Court for a new trial.

MR. JUSTICE McIVER concurred. MR. CHIEF JUSTICE SIMPSON concurred in the result.