Hymt, J.
— The moving party confines himself to the following objections, viz: (1.) No summons was ever served. (2.) The return of the execution was made at tíre request of plaintiff, its attorney or agent. (3.) Without any bona fide attempt to discover whether the defendant had any property to levy on. (4.) The order was served without the jurisdiction of the court. (5.) The defendant has already been examined within a few days and no cause is shown for a second examination. (6.) The examination, if had, should be in open court. I will consider them seriatim.
First. The defendant’s affidavit shows that the affidavit of service of the summons in this action, attached to the judgment-roll on file, was made by John S. Cummings and states service of the same to have been made at 21 Park Bow, New York, December 27, .1875, and was sworn to on that day before Benjamin A. Mapes, a notary public for Kings county; that the certificates of the clerks of Kings and New York counties as to the fact that said Mapes was a notary, &c., are dated February 7, 1885, and attached to the said affidavit; that the Western Methodist Book Concern recovered a judgment against him December 23, 1875, upon an affidavit sworn to by said Cummings to the effect that he served the summons in that case at 21 Park Bow.
It is not claimed that these two actions were identical or for the same cause of action, and no pretense of fraud or collusion between the plaintiff and the affiant in any respect is alleged. The defendant swears: that “I remember the service of the summons in the case of the Western Methodist Book Concern, but have no recollection of the service of the summons in the other case, and if it had been served I have no doubt whatever that I should remember it just as well as I remember the other. I have no hesitation, therefore, in swearing that said summons was never served upon me. I am fortified in this by the fact that the twenty-seventh being two days only after Christmas, and being on a Monday, I was not at 21 Park *519 Eow, which was my place of business, on that day, being unwell and at home.”
Want of service of process is a jurisdictional defect. In Bigelow agt. Stearns (19 Johns., 41), Spencer, C. J., laid down the broad rule, that if a court, whether of limited jurisdiction or not, undertook to hold cognizance of a cause without having gained jurisdiction of the person by having him before them in the manner required by law, the proceedings are void. It is a general principle that the jurisdiction of a court may be inquired into, although the record of the judgment states facts giving it jurisdiction (Harrington agt. People, 6 Barb., 607; Noies agt. Butler, 6 Barb., 613, 617). It may be disproved by evidence notwithstanding recitals in the record (Adams agt. The Saratoga and Washington R. R. Co., 10 N. Y., 328, 333).
In the case at bar, it is fair to assume that the defendant has presented the full extent of his inquiry, in its strongest aspect, and it appearing by the affidavit of the plaintiff that the party who made the affidavit of the service of the summons cannot be found and produced for examination, it follows that all possible proof bearing upon the question of jurisdiction is probably before the court. In view of this proof, and of all the circumstances surrounding it, I consider the affirmation of the record to be entitled to greater weight, as evidence establishing jurisdiction, than the negation of the defendant.
Second and Third. Admitting that the return of the execution was made at the request of the plaintiff’s attorney (he swears that he did so request only if the sheriff could find no property of the defendant), the sheriff swears that he received the execution February seventh, and returned it February tenth, and after making diligent search was unable to find any property belonging to the defendant. The rules which govern in the supreme court of the first district and in the common pleas are that the return can only be impeached by direct motion to set it aside, and not collaterally upon these pro *520 ceedings (Spirling agt. Levy, 10 Abb., 426; Owen agt. Dupignac, 9 Id., 180; Forbes agt. Waller, 25 N. Y., 430; opinion of Smith, J., on this point).
Fov/rth. Whether or not the order can be served outside of the territorial jurisdiction of this court seems to depend upon whether or not these proceedings are in the original action; diversity of opinion appears to exist upon this question; but whatever may be the rule it cannot apply in this case, for the reason that the debtor has waived this objection to the proceedings by not raising it at the first opportunity (Bingham agt. Disbrow, 37 Barb., 24). The referee certifies that the judgment debtor appeared On the return day and hour of said order, that he was sworn and his examination postponed by successive adjournments; and there is no proof that he made any protest or objection to the regularity of the proceedings. The court had jurisdiction of the subject-matter; the objection was personal with the debtor; his appearance and submission must be regarded, if the order was null, as voluntary, whereby he waived objection, if any, to the jurisdiction of the person.
Fifth. It appears by the defendant’s affidavit that in the action in which the Western Methodist Book Concern was plaintiff, he was examined as the judgment debtor under an order therein made and served January 29,1885, and that said order was set aside on the ground that the execution had not been returned at that time. While it is true that a judgment creditor will not be permitted to harass his debtor by successive examinations in supplementary proceedings, and that the rule is the same, even if the second application is founded upon another judgment (Canavan agt. McAndrew, 20 Hun, 46), yet it does not appear that the first examination was concluded, otherwise than by the vacation of the order as aforesaid ; this examination, therefore, cannot be considered as a second examination or as harassing.
Sixth. Considering the facts disclosed as far as the first examination went, and the debtor’s affidavit that he has no property, I think it but just that the costs of this proceeding *521 should not be augmented unnecessarily, and that, therefore, the examination should be in open court.
Motion denied; let the order provide that the examination continue in open court.