In the matter of SNYDER & SNYDER *against* MOSES WARREN, Sheriff of the County of RENSSELAER.

A judgment confessed before a justice for 50 dollars, or less, is good, without the oath and specification required by the 7th section of the 50 dollar act.

The fifteen months redemption from a sale on execution allowed by the statute, are calendar, not lunar months.

In computing the time, the creditor is allowed full 15 months from the day of sale.

A judgment created upon full consideration, tho' for the express purpose of enabling the creditor to redeem, is valid.

A JUDGMENT was docketed in the Common Pleas of Rensselaer county, in favor of J. G. & H. Snyder, against Barnard Wagar, for $1575 10, on which a *fi. fa.* was issued, and on the 15th August, 1822, the Sheriff of Rensselaer county sold a farm of Wagar to the Snyders at a bid of $888, and executed to them a certificate of sale.  On the 15th November, 1823, Wagar confessed a judgment before a Justice of Rensselaer county, in favor of J. P. De Freest, for $25 27 damages, with 81 cents costs, a transcript whereof was filed in the Clerk's office.  On the same day, De Freest applied to the Sheriff to redeem the farm sold as a judgment creditor, and tendered to him the amount bid by Snyders, with 10 per cent. interest from the time of the sale.  The Sheriff received but 7 per cent., thinking himself authorized to take no more, but a few days after, having taken legal advice on the subject, he consented to receive the residue.

The judgment before the Justice was confessed under the following circumstances :  On the 14th November, 1823, Wagar being indebted to De Freest, on a small note and book account, the latter told Wagar that he wished to become a judgment creditor of his, for the purpose of redeeming his farm from the sale to the Snyders, and offered him $1800 for it.  Wagar accepted of the offer, and the same day confessed a judgment for the balance due to De Freest, amounting together with costs to $7 27, before a Justice in Pittstown.  The next day the parties proceeded to Troy, and there

learning that so small a judgment would not entitle De Freest to redeem, not operating as a *lien* on the lands of Wagar, De Freest advanced him 18 dollars, which, together with the small judgment, formed the consideration of that upon which De Freest claimed to redeem. No statement of the consideration of the judgment was sworn to or filed, agreeably to the 7th section of the 50 dollar act. On the 20th November, 1823, the Snyders called on the Sheriff for a conveyance, which the latter declined giving, on account of De Freest's claim to redeem. On these facts,

*J. P. Cushman* moved for a *mandamus* commanding the Sheriff to convey to the Snyders.

He said the judgment being by confession was void, the defendant not having made oath as required by the 7th section of the 50 dollar act.

[WOODWORTH, J. It was decided otherwise at the present term. The obligation to file a particular of the consideration, does not apply to confessions where the sum is less than 50 dollars.]

The attempt to redeem was not in time. It was not in 15 months after the sale, within the meaning of the statute giving the right ; which intends *lunar*, not *calendar* months.

[WOODWORTH, J. Our attention was drawn to that question in a case lately before us, and though it was not necessary to pass upon it, yet none of us entertained any doubt that the statute intended calendar months.]

At any rate, the day of sale must be included in the computation ; and if so, giving De Freest his calendar months, he was too late. The words of the act (Sess. 43, ch. 184, s. 3,) are, that it shall be lawful for any creditor, &c., within 15 months *after such sale*, &c. Any other creditor may, in like manner redeem the lands and tenements so sold *within* 15 *months from the sale thereof*. The time commences from the *sale*—not *from*, or *after* the *day* of sale ; and when the computation is from or after an act done, the day on which

the act was done is to be included, (*Rex* v. *Adderly*, Doug. 463, *Castle* v. *Burdett*, 3 T. R. 624, *Clayton's Case*, 5 Co. 1. *Glassington et al.* v. *Rawlins et al.*, 3 East, 407, 4 Esp. Rep. 224, 1 Ld. Raym. 480, Bac. Ab. Dower, (B 1.)

Again, this confession was in fraud of the act. The Court should discountenance such an attempt to pervert the statute to the purposes of speculation upon an honest purchaser. To sanction this proceeding will be virtually to give a defendant 15 months instead of 12 to redeem, for he can always do this through a friendly judgment creditor, created for the occasion.

*J. Paine*, contra. Here was a small debt subsisting which was made larger on the credit of Wagar's residuary interest in the land. It is well settled that the purchaser at a Sheriff's sale acquires no more than a mere *lien*, till the 15 months have expired. He had no greater interest than a mortgagee, with whom it does not lie to complain of fraud because a third person is invested with a right to redeem, by a purchase of the equity of redemption, or otherwise. If Wagar could in this way sell for $1800, as between him and the purchaser, which should have the benefit of such a price? Why not the debtor?

As to time, it is true there are some decisions in England growing out of the excise law, in relation to which the policy of the Court conspired with that of the government to contract the time, saying that in computing from an act done, the day of doing it is to be reckoned inclusive. But the act under consideration is construed liberally. Calendar months are allowed. Redemption is favored. The ordinary rule of computation, with us, is one day inclusive and the other exclusive. Exclude the first day and we are in time.

He cited *Hoffman* v. *Duel*, (5 John. Rep. 232,) and *Gillespy* v. *White*, (16 John. 120.)

*Cushman*, in reply, said the computation of time by reckoning one day inclusive and the other exclusive, which prevails in this Court, relates merely to rules and the service of

papers. The same mode of computation prevails in the K. B. but this never has been extended to a statute or contract, &c.

*Curia.* We do not consider it a valid objection, that this judgment was entered for the express purpose of enabling De Freest to redeem. It was upon full consideration. The debtor may confer the power of redeeming upon as many as he pleases. It keeps up the auction; and is thus directly within the policy of the statute.

We are clear that the 15 months intended by the statute, are calendar not lunar months. The second section is, in terms, of calendar time. It speaks of a year for the debtor; and then the 3d section extends that time three months in favor of the creditor.

The creditor had the whole of the 15th November in which to redeem.

Motion denied.