1836.

Vandenburgh
v.
Van Rensselaer.

</div>

---

## VANDENBURGH *vs.* VAN RENSSELAER.

Where a proceeding in a cause is required to be had within a limited time, as within a certain number of days from or after the entry of an order or the service of a notice or other paper, the whole of the first day is to be excluded in the computation of time.

But where a previous notice of a motion or other proceeding in a suit is required to be given, the whole of the day on which the notice is served is included in the computation of time, and the day upon which the motion is to be made or other proceeding had is excluded.

A mere notice from a party that he intends to proceed in a manner which would be irregular, does not make it necessary for the adverse party to apply to the court on the subject, until some proceeding in the cause is had which is irregular and inconsistent with the rights of such adverse party.

THIS was an application by the defendant to set aside an order, entered by the complainant, to produce witnesses. The answer was put in on the 15th of June, and the replication was served at the office of the defendant's solicitor on the 15th of July. The counsel for the defendant insisted that the replication was not served in time; and that the order to produce witnesses was, therefore, irregular, as the cause was in readiness for hearing upon bill and answer.

<div style="text-align:right">August 22.</div>

*J. V. N. Yates*, for the complainant.

*J. Rhoades*, for the defendant.

THE CHANCELLOR. Where, by the rules or practice of the court, any subsequent proceeding in a cause is required to be had within a limited time, or within a certain number of days from or after any previous proceeding, as from the entry of an order or the service of a notice or other paper in the cause, the whole of the day on which the order was entered, or the notice or other paper was served, is to be excluded in the computation of time ; so as to give the full time after that day. But where previous notice of a motion, or of any other proceeding in the suit, is required to be given, the whole of the day on which the notice was served is to be included in the computation of time, and the day upon which the motion is to be made, or other proceeding had, is excluded. Applying these principles to the case under consideration, it will be found that the replication was served within the time required by the rules of the court, and that the entry of the order to produce witnesses was regular. The complainant had twenty full days after the 15th of June, to file exceptions to the answer ; so that the answer did not become perfect, or in the language of the rule, was not to be " deemed sufficient" until after the 5th of July. The complainant, therefore, had ten entire days after that time to file and serve her replication.

The complainant's proceedings being regular, it was not necessary for her to make any application to the court on the subject until the defendant should take some positive step in the cause which was irregular and inconsistent with her legal rights. A mere notice from the defendant's solicitor that he intended to proceed in a manner which would be irregular, did not render an application to the court necessary on her part ; especially as her solicitor protested against the intended proceeding as irregular. If the defendant had proceeded to place the cause upon the calendar for hearing, upon bill and answer, the complainant might

have applied to the court to strike the cause from the cal-
endar, with costs, for the irregularity.

The motion to set aside the order to produce proofs must
be denied, with costs.