## SUPREME COURT.

### TAYLOR agt. CORBIERE.

The 407th section of the Code prescribes the manner of *computing time* in all cases, when any act is to be done within a limited time. That is: the first day (of service) is *excluded*, and the last day *included*.

Therefore, a five days' notice, served on *Wednesday*, for the following *Monday*, is good. The intervening *Sunday* can not be excluded. (*See* 4 *Howard*, 28, *adverse.*) Where the last day falls on Sunday, the day following is the last day of limitation. (*See* 3 *How.* 412.)

In an action by the endorsee against the maker, the complaint alleged that the note " was duly endorsed by the payee, and transferred to the plaintiff for a good and valuable consideration, and that the defendant had not paid the same, but was justly indebted to the plaintiff therefor." *Held*, that this was a sufficient allegation that the plaintiff was the *owner* of the note at the time of commencing the suit. (*The case of Beach agt. Gallup*, 2 *Code R.* 66, *disapproved.*)

*At Chambers, February,* 1853. *Application for judgment under the* 247*th section of the Code.* The action was brought upon a prommissory note made by the defendant, payable to the order of E. J. Sherman, and by him endorsed to the plaintiff. The complaint alleged that the note " was duly endorsed

by the payee, and transferred to the plaintiff, for a good and
valuable consideration, and that the defendant had not paid
the same, but was justly indebted to the plaintiff therefor."
The defendant demurred to the complaint, on the ground that
it did not state a sufficient cause of action.    The plaintiff, upon
a notice of five days, applied for judgment, alleging that the
demurrer was frivolous.

> P. CAGGER, *for Plaintiff.*
>
> T. SMITH, *for Defendant.*

HARRIS, Justice.—A preliminary question has been raised
by the defendant upon the sufficiency of the notice.    It was
served on *Wednesday* for the following *Monday*.    Relying upon
Whipple agt. Williams, (4 *Howard*, 28,) the defendant's counsel
insisted, that *Sunday* should be excluded in the computation
of time, and, if so, that the notice of the application would be
short, it leaving but *four* days.    The 407th section of the Code
has prescribed the mode of computing time in every case,
where, under the provisions of that act, any act is to be done
within a limited time.    In estimating such time, the first day
is to be *excluded* and the last *included*.    In this case, Wednes-
day, the day of service, was to be *excluded*, and Monday, the
day upon which the thing specified in the notice was to be
done, was to be *included*.    From the nature of the case, Sunday
could not be the last day; but where it is the last day, as in
the running of time to answer, that is also to be excluded.    In
such a case, the day following would become the last day.
The rule is correctly stated by Mr. Justice HAND, in Easton
agt. Chamberlain, (3 *Howard*, 412.)

The case of Whipple agt. Williams was undoubtedly well
decided, but not for the reason assigned by the learned judge.
The service of notice of the adjustment of costs, at a distance
of thirty or forty miles, at a late hour Saturday evening, for an
early hour Monday morning, was an abuse of the rule which no
court would tolerate.    This alone was sufficient ground for
granting the motion.    The attorney, by his own fraudulent
practice, had succeeded in depriving a party, entitled to two

days' notice of a proceeding, of any notice at all. But I know of no principle which authorises a court to say, that, if the time within which an act is to be done, is less than a week, an intervening Sunday shall be excluded in the computation.

Where a summons was required to be served six days previous to the return thereof, a service on the *second* day of the month was held good for the *eighth*, although a Sunday must have intervened, and without which there could not have been six days. Col. Turnpike Road agt. Haywood, (10 *Wend.* 422.) In King agt. Dowdall, (2 *Sand. Sup. Court Rep.* 131,) a short summons which could not run more than *four* days, was served on the 12th for the 17th of the same month—upon review, it was insisted that the intervening Sunday should not be counted as one of the four days, but it was held that when an intermediate day it should be computed.

The case, (*in* 2 *Hill*, 375,) upon which Mr. Justice ALLEN relied in the decision of Whipple agt. Williams, may have been decided correctly, but not upon the principle stated in the report. A claim of property having been interposed in an action of replevin, the sheriff was bound to summon a jury to appear before him to try the validity of the claim, at a time to be specified by him, which must be within two days after the claim is made—such claim having been made on Saturday, the sheriff summoned a jury for Monday. The claimant appeared at the time appointed, and, at his instance, the trial was adjourned until the following day. Whether the sheriff had the power thus to adjourn, was a question involved in that case, but whether Sunday should be excluded in the computation of time, was not in question.

This action is by the endorsee of a note against the maker. It is alleged, that it was *duly endorsed* by the payee, and *duly transferred* to the plaintiff; that the defendant had not paid the note, but was justly indebted to the plaintiff therefor. The defendant insists that the complaint does not sufficiently show that the plaintiff, when the action was brought, was the lawful owner of the note. Beach agt. Gallup, (2 *Code R.* 66,) was relied upon to sustain this objection. In that case, the only

allegation of ownership was, that the plaintiffs, when they brought their action, were "the lawful holders of the note." Mr. Justice HURLBUT, before whom the case was brought, upon application for judgment, was not prepared to say that the words "lawful holder," imputed "ownership," and, according to the report, denied the motion. I have always regarded this distinction as a little too refined for that liberality of construction enjoined by the Code. (*See section* 159.) Though the decision has often been relied upon, in cases like that in hand, I have always felt constrained to disregard the authority. The decision was made at an early day, in the history of the Code, and does not seem to have been much considered. I suppose the allegation that the plaintiff is the "legal holder" of the note is sufficient, if the defendant chooses to deny it, to put in issue the title.

And, besides, the plaintiff in this action has averred facts sufficient, if established, to show that he is the owner of the note. The complaint states, that the payee duly endorsed the note, and that it had been for a good and valuable consideration, transferred to the plaintiff. These facts, if proved, would establish, at least *prima facie*, the plaintiff's title. It certainly could not be required of him that he should aver, negatively, that since the note was transferred to him, he had *not* transferred it to another person. It is enough that he has averred everything which it would be necessary to prove on the trial, if controverted, to entitle him to recover. See Appleby agt. Elkins, (2 *Sand. S. C. R.*, 673.)

The complaint is sufficient, and the plaintiff must have judgment.