# NEW YORK COMMON PLEAS.

JOHN HADEN and another, plaintiffs and respondents, agt. CHARLES A. BUDDENSICK *et al.*, defendants and appellants.

*Time of filing mechanic's lien — renewal within a year.*

Where the material men were, in pursuance of the agreement with the contractor, to deliver the materials called for by the plans and specifications, and were to receive therefor a gross sum, after all had been delivered, the materials could not be deemed to have been "furnished" within the meaning of the act, before the expiration of three months, when notice of the lien must be filed, although a large portion had been delivered previous to that time.

A notice of lien filed at noon on the ninth of the month, does not expire until the ninth of the same month in the succeeding year, as it respects a renewal of the lien.

Where therefore the plaintiffs did not have the whole of the day on which the lien notice was filed to bring their action or proceeding to foreclose said lien, the day of filing should be excluded, and the last day on which the same could be continued should be included.

*General Term, March* 1, 1875.

APPEAL from a judgment in favor of the plaintiffs, entered on the report of a referee.

*Stillwell & Swain*, for defendants, appellants.

*Flanagan, Bright & Martine*, for plaintiffs, respondents.

LOEW, *J.* — This proceeding was brought by the plaintiffs, as sub-contractors and material men, against G. A. Sturtzkober, contractor, and Charles A. Buddensick, owner, to fore-

close a mechanic's lien for $2,595, upon three houses and lots, situated on the corner of Washington and Horatio streets, in the city of New York. It is conceded that on the 30th day of November, 1871, the said buildings were completed, in accordance with the contract made between the owner and the contractor, and that on said day there was unpaid on the said contract the sum of $4,000, which sum became due and payable thirty days thereafter. It is, however, claimed by the defendant Buddensick, that on the 9th day of January, 1872, when the notice of lien was filed, there was nothing due from him to the contractor upon said contract, and that, consequently, the plaintiffs could not acquire a lien upon the said premises.

It appears that on the 22d day of December, 1871, Buddensick executed and delivered to Sturtzkober a bond for $8,000, secured by a mortgage upon certain real estate, situated at the corner of Jackson and Front streets, in this city, and that Sturtzkober immediately assigned and delivered the same to the plaintiffs. The latter thereupon satisfied a lien for $8,000, which they had filed against certain buildings in Lexington avenue, then in process of erection, under two contracts, between Buddensick, as owner, and Sturtzkober, as contractor, and toward the erection of which the plaintiffs had also furnished materials. At the same time the plaintiffs discharged a lien for $2,595, which they had filed, in the early part of December, 1871, against the premises corner Washington and Horatio streets, for the same claim for which the lien now sought to be foreclosed was filed.

It is claimed on the part of the defendant Buddensick, that although upon the completion of the Lexington avenue houses, the contractor, Sturtzkober, would have been entitled to $15,000, yet there was nothing due him by the terms of the contracts until that time, and that inasmuch as Sturtzkober never quite finished said buildings, no money ever became due to him on the said contracts. It is therefore insisted that $4,000 of the $8,000 secured by the bond and

mortgage should be applied to the payment of the balance due on the Horatio street contract, which was the only money due Sturtzkober, and that as to the other $4,000 he must be deemed to have been overpaid to that extent. On the other hand, Sturtzkober claims that he was unable to completely finish the said houses, owing to the default of the owner. However this may be, and in whatever way or manner the law would have applied the $8,000 payment in the absence of an agreement by the parties on the subject, there can be no doubt that the parties had a perfect right to agree as to the contract to which this payment should be appropriated. This they did. The referee has found that the bond and mortgage referred to were made by Buddensick, in pursuance of an agreement between Buddensick, Sturtzkober and the plaintiffs, that the same should be made and delivered to the plaintiffs, and that the plaintiffs should thereupon discharge the lien which they held on certain houses in Lexington avenue, toward the erection of which they had, by contract with said Sturtzkober, furnished materials to the amount or value of $8,000. This finding is amply supported by the testimony. Indeed, Buddensick himself, in his testimony (*fol.* 75), admits that the bond and mortgage were executed and delivered for that purpose. It is true, Sturtzkober, in the receipt given by him, acknowledges that he received the $8,000 on account of the three contracts, which includes the Horatio street contract as well as the two Lexington avenue contracts. But there is nothing in this receipt respecting the apportionment of the money among those contracts. Moreover, the testimony shows that the plaintiffs at that time were ignorant of the giving of this receipt, and Sturtzkober swears that he did not read it before he signed it. Then, again, the referee has found, upon satisfactory evidence, that, on the seventh of March following, Buddensick and Sturtzkober had an accounting and settlement in reference to the Lexington avenue contracts, at which time the amount of the mortgage ($8,000) was credited as having been paid on the

Lexington avenue contracts. It thus plainly appears that the parties agreed to apply, and did, in fact, appropriate the $8,000 toward the payment of the Lexington avenue contracts, leaving the balance of $4,000 on the Horatio street contract still due and unpaid.

.As regards the right of the plaintiffs to file another notice of lien, after having discharged the one previously filed for the same claim, we entertain no doubt. Both Haden and Sturtzkober testified, in the most positive manner, that the first lien was discharged upon the express promise and assurance of Buddensick that he would pay his promissory note for $2,500, which Sturtzkober had indorsed to the plaintiffs, when due. This testimony is not contradicted by Buddensick. As Buddensick did not pay the note at maturity, the plaintiffs were justified in filing the notice of lien now sought to be foreclosed.

It is urged, however, that a large portion of the materials were furnished more than three months previous to the filing of the lien notice, and as there is no proof of the value of the materials furnished within the time for which the lien act authorizes a lien to be filed (*Laws of* 1863, *chap.* 500, *sec.* 6), the plaintiffs cannot recover. To sustain this position, we are referred to the case of *Spencer* agt. *Barnett* (35 *New York Rep.*, *p.* 94). It was there held that, under the Kings county lien law, a party is not entitled to a lien for materials not furnished within sixty days of the time of filing the notice of lien, although they were all furnished under one contract. But it is to be observed that the contract in that case was not an entire contract, and that the goods were furnished on a running account. The plaintiff was to deliver the materials at agreed prices until navigation closed, and after that at the market rates. It will thus be seen that the price of each article delivered was fixed by the agreement of the parties, and constituted a distinct claim for which a lien notice might have been filed. Hence judge LEONARD, who delivered the opinion of the court, says: " The plaintiff was at liberty to

have filed his notice on the tenth of January for all materials previously furnished, as well as on the ninth of May following, a period of four months later." The ruling of the court of last resort in this case, was followed in this court in *Hubbell* agt. *Schreyer* (4 *Daly*, 362), which was a similar case, as clearly appears from the opinion of judge ROBINSON (*page* 383). But in the case now before the court, the contract between the plaintiffs and Sturtzkober was an entire contract. The plaintiffs were to deliver the materials called for by the plans and specifications, and were to receive therefor the gross price or sum of $2,595, after all had been delivered. No price was agreed on for any specific article, and the referee, in his opinion, says that inasmuch as the materials varied in kind, dimension, and quantity, it would be next to impossible to fix the value of each article, for the reason that its market value being first ascertained, would then have to be proportioned, not only to the whole price, but also to that of every other article, before the price fixed by the contract could be reached. As the plaintiffs could have no claim or cause of action against Sturtzkober, the contractor, for a partial delivery, we think we are warranted in holding that the materials contracted for could not be deemed to have been "furnished" within the meaning of the act, until all were delivered, and that consequently the three months did not begin to run until that time.

There remains to be noticed yet another objection. The notice of lien, as already stated, was filed at noon on the 9th of January, 1872. On the 8th day of January, 1873, an order was obtained from a judge of this court renewing and continuing said lien for another year, and directing the county clerk to make a new docket stating that fact. This docket was not made until the following morning, January ninth. It is claimed that the year expired on the eighth, and that therefore the lien had already ceased before the provisions of the statutes in respect to renewing the same (*sec.* 11) were fully complied with. It is undoubtedly true that merely

obtaining the order for the continuance of the lien within the year is not enough. To accomplish that object a new docket must also be made before the year expires (*Stone* agt. *Smith*, 3 *Daly*, 213). But in this case we think both acts were done before the expiration of that time. The law ordinarily takes no notice of portions or fractions of a day (*Judd* agt. *Fulton*, 4 *How.*, 298). It is only where the precise hour becomes material, as for instance, in ascertaining the priority of liens, that a different rule obtains. In the computation of time, we must consequently either include or exclude the entire day on which the plaintiffs filed their lien. Now, by the mode of computing time established by the Revised Statutes, a day commences and ends at midnight (*Pulling* agt. *The People*, 8 *Barb.*, 384). As the plaintiffs did not, therefore, have the whole of the day on which the lien notice was filed, to bring their action or proceeding (*Phelan* agt. *Douglass*, 11 *How.*, 193) to foreclose said lien, we think that on principle and authority, the day of filing should be excluded, and the last day on which the same could be continued should be included (*The People* agt. *N. Y. Central R. R. Co.*, 28 *Barb.*, 284). It necessarily follows that the lien was renewed within the year.

The judgment appealed from should be affirmed, with costs. DALY, C. J., and J. F. DALY, J., concurred.