Michael S. Morss, Appellant, *v.* James C. Purvis et al., Respondents.

A redemption by a creditor of lands sold upon execution made on or after the last day of the fifteen months from the day of sale, to be valid, must be made at the office of the sheriff of the county in which the sale took place; if made at another place, although in the same village and to the sheriff who made the sale, it is invalid.

A sale was made January 16, 1869; *held,* that April 16, 1870, was the last day for redemption.

(Argued December 21, 1876 ; decided January 16, 1877.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon a verdict. (Reported below, 2 Hun, 542.)

This action was brought to set aside and vacate a deed executed by defendant Winner as sheriff of Sullivan county, to defendant Purvis, of certain lands sold by the former on execution. The facts, as found by the court, were in substance, as follows :

On the 16th January, 1869, the said sheriff sold the lands in question, by virtue of several executions against James P. Overton ; they were bid off by the defendant Purvis. On the 16th March, 1869, plaintiff obtained a judgment against said Overton, and on the 16th April, 1870, he delivered to the sheriff the proper affidavit, copy of judgment and papers upon which to redeem, and paid to the sheriff the amount of money required for that purpose. This was not done, however, at the sheriff's office, but at an attorney's office in the village of Monticello, in said county, and no attempt was made to redeem at the sheriff's office in said village. The sheriff refused to execute and deliver a deed to plaintiff, and tendered back the money, which plaintiff refused to accept. The sheriff subsequently deeded to Purvis.

Sickels —Vol. XXIII.      29

*W. J. Groo* for the appellant. When a direction in a statute is not of the essence of the requirement, but only relates to the mode or manner of it, it may be considered as directory only. (*Rex* v. *Loxdale*, 1 Burn., 447; *Merchant* v. *Longworthy*, 6 Hill, 647; *People* v. *Schermerhorn*, 19 Barb., 611; Dwar. on Stat., 611; *Comm.* v. *Kimball*, 24 Pick., 370.)

*T. F. Bush*, for the respondents. The redemption not having been made at the sheriff's office, was void. (Laws 1847, chap. 410, § 3; *Gilchrist* v. *Comfort*, 34 N. Y., 235.)

*Per Curiam.* We have considered this case upon the argument and briefs originally submitted, and upon the supplemental briefs since submitted, and we see no way to avoid an affirmance of the judgment, without overruling the decision in *Gilchrist* v. *Comfort* (34 N. Y., 235). That case expressly held that a redemption of lands by a creditor, on or before the last day of the fifteen months from the day of sale must be made at the sheriff's office, and that a redemption at another place, although in the same village, and to the sheriff who made the sale, is not valid. The circumstances in that case were quite as favorable to the creditor as those in this case. This decision was made about ten years ago, and has since been regarded as correct law and we do not feel justified in disturbing it, and should not if we entertained more serious doubts than we do of its correctness. The construction given to the statute by the court is warranted by the language, and if a different rule is desirable the remedy is with the legislature.

As the evidence is not contained in the case we must assume that the facts fully sustained the findings. To what extent this point was litigated on the trial or what, if any, motion was made based upon it, does not appear and we are not warranted in drawing inferences adverse to the judgment. On the contrary, every presumption is in favor of both findings and judgment.

The plaintiff was bound to establish a valid redemption to

give him a standing in court, whether he alleged all the facts necessary to constitute such redemption or not.

The point that the redemption was not on the last day for redemption is not tenable. The sale was on the 16th of January, 1869, and the redemption on the 16th day of April, 1870. Excluding the day of sale as we must, the fifteen months expired on the sixteenth of April. The debtor had one year from the day of sale; his time expired on the sixteenth of January, 1870. The creditor might redeem within three months after the expiration of the year. The year expired with the sixteenth of January; the seventeenth was the beginning of the three months, and is to be counted as a part of the three months, and the three months expired on the sixteenth of April. When a person has a specified period from or after an act is done, the day on which it is done is to be excluded, but this rule does not justify the exclusion of the seventeenth of January. The redemption is to be made *within* three months after the expiration of a year, which in this case is after the expiration of the sixteenth, which language has the same force and effect, as if it read from or after the sixteenth.

Injustice may result to the plaintiff in this case, but we have no power to relieve him.

The judgment must be affirmed.

All concur; MILLER, J., taking no part.

Judgment affirmed.