The Aultman and Taylor Company, Respondent, *v.* Frederick J. Syme, Appellant.

*Computation of time — different rule in the case of a computation by years from that by days, weeks and months.*

In order to determine whether an execution has been issued within five years after the entry of a judgment the computation of time commences with, and includes the day, on which the judgment was entered.

In computing time by years, a different rule obtains from that which obtains in computing time by days, weeks and months, as in the latter case section 27 of the Statutory Construction Law (Chap. 677, Laws of 1892), as amended by chapter 447 of the Laws of 1894, changes the general rule and provides that the day from which the computation is to be made shall be exclusive of such day, whereas section 25 of the Statutory Construction Law, relative to the computation of time by years, contains no such provision.

Appeal by the defendant, Frederick J. Syme, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of May, 1895, denying his motion to vacate and set aside orders heretofore made in this action for the examination in proceedings supplementary to execution of Frederick J. Syme and Mary Allen Syme, or that said examinations be suspended until the trial of the action between the parties pending before the court, in which the validity of the execution upon which the supplementary proceedings were instituted, is raised.

*Edward F. Brown*, for the appellant.

*William H. Blymyer*, for the respondent.

Per Curiam:

It is claimed upon the part of the appellant that the motion to set aside the orders for examination in this case should have been

granted because the judgment in the action was entered on the 14th of November, 1889, and the execution which formed the foundation of those orders was issued on the 14th of November, 1894, and, therefore, was not issued within five years after the entry of judgment. The question to be determined is whether in the calculation of time, as prescribed by law, the first day is to be included in the computation or not.

It seems to us, upon an examination of the statute in respect to the computation of time, that a different rule prevails in computing any specified number of days, weeks or months from a specified event from that which obtains in the computation of any specified number of years from a specified event. By the provisions of the statute, the day from which any specified number of days, weeks or months of time is reckoned, shall be excluded in making the reckoning (Chap. 447, Laws of 1894, § 27). But the section relating to computation of time by the year contains no such provision (Chap. 677, Laws of 1892, § 25).

In order that the day, upon which the event from which the computation is to be made happens, should be excluded, it seems to have been thought necessary to so provide by legislation — which would not have been the case had this been the general rule in respect thereto.

The computation of time, in order to determine whether an execution has been issued within five years after the entry of judgment, must, therefore, necessarily commence with the day on which the judgment is entered, as there is no provision of law where the computation is made by years, giving the party the benefit of the exclusion of the day upon which the act is done which sets the limitation running; and as the court in considering the question of time takes no notice of the fraction of a day, that portion of the day which remains after the act is done must be treated as the first day.

It follows, therefore, that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Present — VAN BRUNT, P. J., and O'BRIEN, J.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.