THE AULTMAN & TAYLOR COMPANY, Appellant, *v.* FREDERICK J. SYME et al., Respondents.

1. STATUTORY CONSTRUCTION LAW — RULE FOR COMPUTATION OF TIME NOT APPLICABLE TO PERIODS OF YEARS. The omission to specify the term "years" in section 27 of the Statutory Construction Law (L. 1892, ch. 677), providing that "the day from which any specified number of days, weeks or months of time is reckoned should be excluded in making the reckoning," evinces a legislative intent that the rule of computation of time therein provided should not apply to periods of years : nor can the term "year," defined by section 25 to mean twelve months, be included in the term "months" in order to supply by implication the manifest omission in the letter of the statute.

2. RULE FOR COMPUTATION OF TIME PROVIDED BY SECTION 788 OF THE CODE OF CIVIL PROCEDURE REPEALED BY STATUTORY CONSTRUCTION LAW. The Statutory Construction Law, having expressly repealed section 788 of the Code of Civil Procedure relating to the periods of time within which acts of legal practice were required to be done, also repealed the rule for the computation of time made applicable by said section to all legal proceedings provided for in the Code.

3. TIME WHEN JUDGMENTS BEGIN TO RUN FIXED BY THE CODE OF CIVIL PROCEDURE — TIME WITHIN WHICH EXECUTION MAY BE ISSUED WITHOUT LEAVE, COMPUTED BY INCLUDING FIRST DAY. In the absence

of a statutory rule to the contrary, the sections of the Code of Civil Procedure relating to the priority of judgments, the time when execution may issue and when the creditor's lien attaches (§§ 1239, 1245, 1246, 1251), must be deemed to fix the moment the judgment roll is filed and the judgment docketed as the point of time when periods of limitation relating to judgments begin to run; and as the law ignores fractions of a day, the term of five years within which an execution may be issued thereon, without leave, must be computed by including within that term the day upon which the judgment is entered.

4. EXECUTION WITHOUT LEAVE — ERRONEOUS DISMISSAL OF COMPLAINT ON GROUND THAT EXECUTION WAS VOID. An execution issued without leave, after the lapse of five years, is not void, but only liable to be set aside on motion; and it is error for the Appellate Division, upon an appeal from a judgment against defendants in a judgment creditor's action, founded upon such an execution, issued without leave, but never set aside, to dismiss the complaint absolutely upon the ground that the execution was void and insufficient to support the action.

*Aultman & Taylor Co.* v. *Syme,* 23 App. Div. 344, modified.

(Argued March 16, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1897, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William H. Blymyer* for appellant.

*Edward F. Brown* for respondents. No valid execution was ever issued upon the judgment. (L. 1894, ch. 447; Code Civ. Pro. §§ 123, 1239, 1246 ; *F. H. Nat. Bank* v. *Bussing,* 147 N. Y. 665 ; *O. Nat. Bank* v. *Olcott,* 46 N. Y. 12 ; *Harvey* v. *Brisbin,* 143 N. Y. 151 ; *Adsit* v. *Butler,* 87 N. Y. 585 ; *Geery* v. *Geery,* 63 N. Y. 252 ; *Estes* v. *Wilcox,* 67 N. Y. 264 ; *Nat. T. Bank* v. *Wetmore,* 124 N. Y. 241 ; *Le Fevre* v. *Phillips,* 81 Hun, 232 ; *Aultman & Taylor Co.* v. *Syme,* 87 Hun, 295.)

WERNER, J.    The plaintiff brought a creditor's action to set aside an assignment made by the defendant Frederick J.

Syme and his wife, the defendant Mary A. Syme, of the interest of the former in the residuary estate of his uncle, David H. Syme.

The court below held that the evidence was insufficient to sustain the conclusion of the trial court that said assignment was fraudulent; also, that the execution on plaintiff's original judgment was issued without leave after the statutory period of five years, and was, therefore, void.

As this view of the case left the plaintiff no foundation for the present action the complaint was dismissed. The question whether said execution was issued within five years from the recovery of plaintiff's original judgment depends upon the method of computing time from that event. If the day of the recovery of the judgment is included in the statutory period, then the execution was not issued "within five years after the entry of judgment;" if that day is excluded it was issued in time. Both parties invoke the provisions of the Statutory Construction Law in aid of their conflicting contentions upon this question. That law (Chap. 677, L. 1892, as amended by chap. 447, L. 1894), so far as applicable here, declares that (Sec. 27), "The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning." No similar provision is made for the computation of years. Under section 25 of this act we find two definitions of a year: "The term year in a statute, contract, or any public or private instrument, means three hundred and sixty-five days. * * * In a statute, contract or public or private instrument, the term year means twelve months." The late General Term of the first department, in a previous litigation between the parties to this action (91 Hun, 632), held that under this statute the rule which governs days, weeks and months is not applicable to periods of years. The Appellate Division of the second department in *Conn. National Bank* v. *Bayles* (17 App. Div. 596) decided that the statutory rule for reckoning days, weeks and months was equally applicable to periods of years.

In the effort to ascertain which of these two rules should be

applied, let us first examine the question in the light of the statute as it now stands. It specifically declares that " the day from which any specified number of days, weeks or months is reckoned shall be excluded in making the reckoning." The statute makes no provision for computing periods of years. It is urged for the appellant that we may supply by implication the rule which is specifically provided for the computation of days, weeks and months. Upon this assumption it is said that .as a year is composed of twelve months, the designation of " months " among the periods which are within the rule is equivalent to including " years " as well.

The difficulty with this argument lies in its hostility to a fundamental principle of statutory construction.

*Expressio unius est exclusio alterius* applies to a case like this. While this maxim will not be permitted to defeat the obvious legislative intent where it conflicts with the letter of a statute, such intent must, nevertheless, be discernible in the context of the statute itself.

As has been observed, the law under consideration contains no other reference to the method of computing time than that above referred to. Had the legislature intended to apply that method to periods of years it could have disposed of the whole subject in a single sentence by saying that the day from which any specified period of time is to be reckoned shall be excluded from the reckoning. But it did not say that. The silence of the statute in this regard is, therefore, significant of the legislative intent to exclude from its operation other periods than those enumerated. We do not think that this rule of statutory construction is rendered inapplicable, because, as suggested on behalf of the appellant, a " year " and " twelve months " are for all practical purposes one and the same thing. A year, twelve months, fifty-two weeks and three hundred and sixty-five days all denote the same total period of time. If the statute had simply provided that the " day " from which any specified number of " days " is reckoned shall be excluded from the reckoning, it could hardly be contended that because there are three hundred and sixty-five days in a year, there-

fore, the legislature intended to apply the same rule of computation to years as to days. But there would be quite as much force in such a contention as there is in the argument that because a *year* is composed of *months* the same rule must apply to both. It is to be observed, moreover, that the question under consideration has to do, not with a single year, but with years. The appellant's argument, carried to its logical conclusion, amounts to this: A year consists of twelve months; therefore, the rule as applied to months holds good for any period of years. It may be admitted, for the purposes of this discussion, that a divided or double rule of computation has its inconveniences and difficulties; so has every other. All rules for computing time are purely arbitrary. If it were not for the terms of the statute and the rights which have become fixed by virtue thereof, one rule would, perhaps, be as good as another. So much for the statute as it now exists. Let us examine its history.

In 1830 the legislature first enacted a law for the computation of time. This statute did not furnish a rule for computation, but simply defined the legal meaning of the terms "years," "months," etc.

In 1848, by chapter 379 of the laws of that year, the legislature adopted what was known as the Code of Procedure. Section 368, which constitutes chapter 10 of that Code, provided: "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded." This section, without change, was embraced in the amended Code of Procedure adopted in 1849, but from that time until 1877 it was known as section 407 of the Code of Procedure.

In 1877 the legislature adopted the Code of Civil Procedure. Section 788 of that Code provided that "the time, within which an act, in an action or special proceeding, brought, as specified in the last section, is required by law to be done, must be computed, by excluding the first, and including the last day; except where it is otherwise specially prescribed by

law.   If the last day is Sunday, or a public holiday, it must be excluded.   Where the act is required to be done within two days, and an intervening day is Sunday, or a public holiday, it must also be excluded."   This section remained a part of the Code until it was expressly repealed by the Statutory Construction Law (Chap. 677, L. 1892).

An examination of all the Codes referred to reveals the fact that they contained the usual provisions relating to the periods of time within which acts of legal practice were required to be performed.   Among these were the sections containing what are familiarly known as the Statutes of Limitation and those relating to the enforcement of judgments. Then, a party recovering a judgment could, as he may now, issue execution thereon, as of course, at any time within five years after the entry of judgment.

Referring again to said section 368 of the Code of Procedure (afterwards 407), it will be observed that the rule of computation, therein set forth, referred to acts to be done as therein provided.   The rule thus laid down was somewhat circumscribed by section 788 of the Code of Civil Procedure, which limited the rule for computing time to acts required by law to be done " in an action or special proceeding."   It is perfectly plain, therefore, that under the several Codes as they existed from 1848 to 1877, the time within which all acts to be done as therein provided, was to be computed by excluding the first day and including the last.   This clearly embraced the issuance of an execution, as of course, within five years after the rendition of the judgment upon which it was based.   If we assume that the issuance of an execution upon a judgment is an act " in an action or special proceeding," then the issuance of an execution within five years was still governed by the same rule of computation under said section 788 of the Code of Civil Procedure as under the previous Codes.   But by chapter 677 of the Laws of 1892, said section 788 of the Code of Civil Procedure was repealed.   In the effort to enact a rule for the computation of time which would be applicable to all statutes, legal proceedings and con-

tracts, the commissioners of statutory revision omitted by a single word to make the statute as broad as their report said it was intended to be. If we apply the ordinary rules of statutory construction we must clearly hold that by the repeal of the provisions of the Code of Civil Procedure, above referred to, the rule for the computation of time, which was thereby made applicable to all legal proceedings provided for in the Code, was also repealed. As the issuance of an execution relates to the remedy and not to the right of a party recovering a judgment, it is governed by the law in existence at the time of its issuance.

We, therefore, return to the consideration of the statute as it stands. As we have already suggested, the well-known and settled rules of statutory construction require us to hold that the terms " days, weeks and months " do not include " years." On the contrary, the very omission to specify years, as among the periods to be governed by the rule which is made applicable to the shorter periods, seems to furnish the strongest ground for the.exclusion of the longer period from its operation. But let us look a little further and ascertain to what extent, if at all, this question is affected by other considerations than those which are presented by this statute and its history.

By reference to the Code of Civil Procedure, we find that section 1239 requires county clerks to make a minute on the back of each judgment roll " of the time of filing it, specifying the year, month, day, hour and minute."

Section 1245 requires such clerks to docket each judgment " in its regular order and according to its priority."

Section 1246 requires such clerks, when entering a judgment, to note " the day, hour and minute when the judgment roll was filed, and the day, hour and minute when the judgment was docketed."

Section 1251 provides that " a judgment * * * binds, and is a charge upon, for ten years after filing the judgment roll, and no longer, the real property and chattels real, in that county, which the judgment debtor has," etc.

These sections of the Code make it apparent that a.judgment

creditor is first entitled to an execution upon his judgment at the moment when the judgment roll is filed and the judgment is docketed ; and a judgment becomes a lien upon the judgment debtor's real property and chattels real from that time. The law does not recognize fractions of days. The day on which a judgment is docketed, therefore, becomes the first day of its existence. While these provisions of the Code refer and relate primarily to the priority of judgments, the time when execution may issue and when the creditor's lien attaches, it is manifest that in the absence of some statutory rule to the contrary, they also fix the time when periods of limitation begin to run, unless we can say that a judgment may be in force on one day for one purpose, and not be alive until the next day for another purpose.

As we have seen, there is nothing in the Statutory Construction Law which requires or permits such a result, unless we have power to supply by implication the manifest omissions in the letter of the statute. But it seems to us that these practical difficulties cannot be overcome by implication. They will yield to nothing less than an arbitrary and positive statutory mandate. In the absence of such a guide the leadings of logic and consistency point more strongly in the direction of a rule which will be productive of harmonious results in all questions affecting the existence and enforcement of judgments than towards an arbitrarily uniform rule for the computation of time.

But it is said that the cases in this and other jurisdictions in this country evince an almost uniform tendency on the part of the courts to so construe statutes of limitation as to give parties the longest time in which to assert rights or perform obligations. That there is such a tendency in some jurisdictions other than our own may be admitted without subscribing to the manifold inconsistencies upon which it rests. In the effort to adjust the rules applicable to statutes of limitation to the equities of particular cases, many courts have lost sight of these rules altogether, while others have sought to fortify their conclusions by the citation of authori-

ties resting upon clearly distinguishable grounds.   As a result there is a great diversity and confusion among the cases, but unless we are prepared to follow this tendency without regard to reason or principle, we must, in the absence of a statutory rule to the contrary, hold that the periods of limitation relating to judgments begin to run from the moment of their existence.   Since the law, as we have seen, ignores fractions of days, this seems to be the logical and necessary result. The first day must be counted unless there is a statute which otherwise provides.   For the purpose of illustrating, not only the hopeless confusion into which the courts have drifted upon this subject, but also the points of difference between the question before us and those decided in some of the cases relied upon by the appellant, we will briefly analyze a few of them. We will first examine the decisions in other jurisdictions.

In *Griffith* v. *Bogert* (18 How. [U. S.] 158) the statute there under consideration provided that an action should not be commenced after the expiration of eighteen months from the specified event.   It was held that the first day should be included.   This was decided to be the common-law rule. The court, however, added : " If the statute in question were one of limitation, whereby the remedy of the creditor would have been lost unless execution had issued and sale had been made within eighteen months, probably a different construc· tion might have prevailed.   Yet even in such cases the precedents differ."

In *Arnold* v. *United States* (9 Cranch, 104), where it was contended that a statute did not take effect until the day after its passage, it was held that, as a general rule, " where the computation is to be from an act done the day on which the act is done is to be included."

In *Perry* v. *Prov. Life Ins. & Inv. Co.* (99 Mass. 162) an insurance policy provided for defendant's liability if the insured should die within ninety days from the happening of the injury ; held, that the day of the accident should be included.

In *Taylor* v. *Brown* (147 U. S. 640) the Supreme Court construed the statute prohibiting the conveyance of lands

owned by Indians for a period of five years from the issuance of a patent therefor. The day of such issuance was included and the court said: " While it is desirable that there should be a fixed and certain rule upon this subject, it must be conceded that the rule which excludes the *terminus a quo* is not absolute, but that it may be included when necessary to give effect to the obvious intention."

In *Dutcher* v. *Wright* (94 U. S. 553) the court, in computing the four months preceding the filing of a petition in bankruptcy, excluded the day of filing and said, " it must be admitted that it is difficult, if not impossible, to deduce from the reported decisions any rule that will apply to all cases."

In *Bemis* v. *Leonard* (118 Mass. 502) it was held that in computing time from the day, or from the day of the date, or from a certain act or event, the first day is to be excluded unless a different intention is manifested by the instrument or statute under which the question arises.

In *Weeks* v. *Hull* (19 Conn. 376) the question arose upon the presentation of claims within six months from the issuance of an order of the probate court; held, that the day of the issuance of the order should be excluded.

In *Chaddock* v. *Barry* (93 Mich. 542) the statute provided that the service of summons issued by justices of the peace should be at least six days before the time of appearance named therein; held, that the day of service should be excluded and the appearance day included. To the same effect is *Shelton* v. *Gillett* (79 Mich. 173).

In *Cromelien* v. *Brink* (29 Penn. St. 522) it was held that where a statute provides two years in which to redeem lands from tax sales, the day of the sale should be excluded.

*Brown* v. *City of Chicago* (117 Ill. 21) was a case in which the statute required ten days' notice of a special assessment; and it was held that the day of the publication of the notice was to be excluded in computing the time.

*McCulloch* v. *Hopper* (47 N. J. L. 190) was an action for money in which the six years' Statute of Limitations was applied; held, that the day of the *terminus a quo* was to be excluded.

In *Hagerman* v. *Ohio Building & Sav. Association* (25 Ohio St. 187) it was held that in computing the time for which a notice of sale on execution should be advertised before the day of sale, the day on which the notice was first published may be included and the day of sale must be excluded.

In *Koltenbrock* v. *Cracraft* (36 Ohio St. 585) it was held that when a statute which repeals a prior statute on the same subject is to take effect from and after the day named, it does not take effect until the expiration of the day named.

In this state there is less of conflict in the cases than there is in other states. This is probably due to the fact, in part at least, that from 1848 to 1892 all legal proceedings embraced within the provisions of the Code were governed by the rule for the computation of time therein contained, but aside from the statutory history of this subject, a glance at the cases in this state is sufficient to show that appellant's contention does not, as is claimed, rest upon undoubted authority. On the contrary, no case is brought to our attention which cannot easily be differentiated from the case at bar.

The case of *Mygatt* v. *Washburn* (15 N. Y. 317) was brought to recover damages against an assessor who had illegally assessed the plaintiff for personal property. Among other defenses, that of the six years' Statute of Limitations was interposed. Without attempting to explain the theory upon which it proceeded, this court held that, excluding the day on which the act complained of was done, and including the other, the action was commenced within six years, and, therefore, not barred by the statute. It is quite evident, however, that the rule there applied was in conformity with that adopted in *Cornell* v. *Moulton* (3 Denio, 12); *Osborn* v. *Moncure* (3 Wend. 170); *Davison* v. *Budlong* (40 Hun, 245), and *McGraw* v. *Walker* (2 Hilt. 404). These were actions upon promissory notes, in which it was held that the statute did not begin to run until the day after the date when the notes fell due.

In *Morss* v. *Purvis* (68 N. Y. 225), *Snyder* v. *Warren* (2 Cow. 518) and *People ex rel. Collier* v. *Sheriff* (19 Wend.

87) it was held that a judgment debtor whose lands have been sold under execution is entitled to the full redemption period of one year, and, therefore, the day of the sale must be excluded from the computation.

*Buchanan* v. *Whitman* (151 N. Y. 253) was an action arising upon a lease under which the practical construction given to it by the parties was permitted to control the expiration of the term.    Then there are cases relating to legal practice, of which the following are examples :  *Taylor* v. *Corbierl* (8 How. Pr. 385); *Ex parte Dean* (2 Cow. 605); *Hoffman* v. *Duel* (5 Johns. 232) ; *Irving* v. *Humphreys* (Hopkins Ch. 364); *Vandenburgh* v. *Van Rensselaer* (6 Paige, 147); *People* v. *N. Y. C. R. R. Co.* (28 Barb. 284); *Haden* v. *Buddensick* (49 How. Pr. 241), and *Marvin* v. *Marvin* (75 N. Y. 240).

The cases last cited, with one or two exceptions, which do not affect the questions at issue, all relate to matters of practice in actions or special proceedings involving short periods of time which were clearly governed by the Code provisions as they existed from 1848 to 1892.

It will thus be seen that we cannot hold that the Statutory Construction Law was intended to provide for a uniform rule for the computation of time, including " years " as well as " days, weeks and months," unless we ignore the statute as well as the ordinary rules of statutory construction.    Under existing conditions this can be accomplished only on the theory that what ought to be shall be.    This is not the rule by which statutes are to be construed.    We, therefore, conclude that the plaintiff's execution was not issued within five years. But it does not follow that plaintiff's execution was fatally defective.    On the contrary, an execution issued without leave, after the lapse of five years, is not void, but only liable to be set aside on motion.    (*Bank of Genesee* v. *Spencer* (18 N. Y. 150–154; *Union Bank of Troy* v. *Sergeant*, 53 Barb. 424.)

In this it differs from an execution against a deceased person, which is an absolute nullity. (*Prentiss* v. *Bowden*, 145 N. Y. 342.)

9

We think, therefore, that it was error for the Appellate Division to dismiss the complaint. The judgment of the court below should be modified so as to grant a new trial instead of dismissing the complaint, and, as so modified, affirmed, without costs of this appeal to either party.

CULLEN, J. This is a judgment creditor's action brought to set aside an assignment made by the defendant Frederick J. Syme to his wife, the defendant Mary A. Syme, of the former's interest as residuary legatee in the estate of an uncle, David H. Syme. The learned Appellate Division not only decided that the evidence was insufficient to uphold the finding of the trial court that the assignment was fraudulent, but further held that the execution on the plaintiff's original judgment, which is the foundation of the present action, was issued after the statutory period of five years (Code Civ. Pro. § 1375), and, hence, was void. On this latter ground, instead of granting a new trial, the court dismissed the complaint absolutely.

The plaintiff's judgment was recovered and entered on November 14, 1889; the execution thereon was issued on the 14th day of November, 1894. The first question presented, therefore, involves the proper computation of time, and is whether the 14th day of November, 1894, is within five years from the 14th day of November, 1889, upon which day the judgment was entered. The Statutory Construction Law (§ 27) provides that, for the purpose of reckoning time, "The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning." No similar provision is made by the statute in the case of computation of years. For this reason, the late General Term of the first department, in a previous litigation between these parties (91 Hun, 632), held that the rule which governs computations of days, weeks or months does not apply to years, and that, as the plaintiff could have issued an execution on the very day on which it entered its judgment, that day was not to be excluded in the calculation of time. We think that there is no force in the argument based on the omission to

include years in the provision of section 27 cited.   In section 25 of the same statute are found two definitions of a year : " The term year in a statute, contract, or any public or private instrument, means three hundred and sixty-five days," and " In a statute, contract or public or private instrument, the term year means twelve months."   Therefore, whatever lapse of time is three hundred and sixty-five days or twelve months and nothing else is a year, and reference to years in section 27 was unnecessary.   If the rule declared in the court below is to prevail, this incongruity seems necessarily to follow. Two obligations for the payment of money are made bearing date the same day, one to be discharged within a year, the other within twelve months.   These obligations would mature and upon failure of performance the obligors come into default, not on the same day, but on succeeding days.   And this, too, in spite of the declaration of the statute that a year means twelve months.   Nor is the consideration that the plaintiff might issue an execution on the same day on which he enters his judgment controlling.   Not only under our statute, but generally throughout the country, fractions of days are not considered and a day is treated as a mere point of time not having duration ; but, of course, a day in fact is not a mere point of time, but has substantial duration.   It, therefore, necessarily follows that when a day is taken as a point of time and its fractions ignored any rule of computation must either extend or diminish the accurate period of time computed.   The difficulty is inherent in the subject and impossible to avoid.   It is true that, under the rule declared by the statute, as we interpret it, the plaintiff may have a longer period than five years composed of 365 days (366 days in leap years) of 24 hours each, within which he may issue an execution, but it is equally true that, under the rule laid down by the court below, the plaintiff would have less than a full five years of time within which he could issue the writ.   The situation necessarily presents merely a choice between two inaccuracies, and the almost uniform tendency of the courts has been to adopt the one which gives a party

the longest time in which either to assert a right or perform an obligation. Such was the law in this state prior to the enactment of the Statutory Construction Law. (*Vandenburgh* v. *Van Rensselaer*, 6 Paige, 147; *Snyder* v. *Warren*, 2 Cow. 518; *Ex parte Dean*, 2 Cow. 605; *Homan* v. *Liswell*, 6 Cow. 659; *People ex rel. Collier* v. *Sheriff of Broome*, 19 Wend. 87; *Cornell* v. *Moulton*, 3 Denio, 12; *Davison* v. *Budlong*, 40 Hun, 245; *Mygatt* v. *Washburn*, 15 N. Y. 316; *Morss* v. *Purvis*, 68 N. Y. 225.) And this court has held that the statute "discloses no intention * * * to materially change the existing rule for the computation of time, except, perhaps, to more definitely fix the event from which the count is to be made." (*People* v. *Burgess*, 153 N. Y. 573.) Such is also the rule in the Federal courts. (*Sheets* v. *Selden's Lessee*, 2 Wall. 177, 190; *Dutcher* v. *Wright*, 94 U. S. 553.) The case of *Taylor* v. *Brown* (147 U. S. 640) does not overrule these earlier cases; though, in that case, the day on which the patent was issued was included in the computation of time. The decision is placed on the doctrine enunciated in *Griffith* v. *Bogert* (18 How. [U. S.] 158), that where the exclusion of the day of the date is invoked, not to avoid a forfeiture or to confirm a title, but to destroy one, it will not be adopted. It must be confessed that the courts have at times juggled with the computation of time, and computed it in that mode which supported what they have considered the equities of the parties in the particular cases. But no case can be found in the Supreme Court of the United States which either directly or in the argument of its opinion, includes the day of the date of an act for the purpose of upholding a bar of the Statute of Limitations. The rule that the day of the date should be excluded prevails in most of our sister states. (*Bemis* v. *Leonard*, 118 Mass. 502; *Weeks* v. *Hull*, 19 Conn. 376; *Cromelien* v. *Brink*, 29 Penn. St. 522; *Brown* v. *City of Chicago*, 117 Ill. 21; *McCulloch* v. *Hopper*, 47 N. J. L. 189.) The execution was, therefore, issued in time.

But if I am incorrect in this view as to the proper method of computing time, still the plaintiff's case was not fatally

defective.   An execution issued without leave, after the lapse
of five years, is not void, but only liable to be set aside on
motion.   (*Bank of Genesee* v. *Spencer*, 18 N. Y. 150, 154;
*Union Bank of Troy* v. *Sergeant*, 53 Barb. 424.)   In this it
differs from an execution against a deceased person, which is
an absolute nullity.   (*Prentiss* v. *Bowden*, 145 N. Y. 342.)
The judgment of the Appellate Division dismissing the com-
plaint is, therefore, erroneous.

We are also inclined to the opinion that the evidence in the
case was sufficient to support the findings of fact made by the
trial court, and that the Appellate Division erred in holding to
the contrary.   The question, however, is not now one of prac-
tical importance.   Pending this appeal the order of the Appel-
late Division has been resettled so as to show that the reversal
was on questions of fact as well as on those of law.   There-
fore, unless the evidence conclusively established the right of
the plaintiff to recover, we have no jurisdiction to review the
determination of the Appellate Division as to the facts.   No
attack is made on the *bona fides* of the debt of $10,000 owing
by the defendant Frederick J. Syme to his wife, Mary J.
Syme, in consideration of which the former assigned to the
latter his interest in the residuary estate of David H. Syme.
The transfer, not being voluntary, was not fraudulent, as mat-
ter of law, even if the assignor was insolvent at the time.   The
fact that the debtor assigned to his wife, for the sum of
$10,000, an interest in an estate on which she realized, within
thirty days, a sum exceeding $60,000, would seem very strong
evidence of fraudulent intent on the part of both parties.
Still, the inference is one of fact and not of law.   (Wait on
Fraud. Conv. § 232.)   On the evidence in the case the
insolvency of the debtor at the time of the transfer was also a
question of fact.

The judgment should be modified so as to grant a new trial,
instead of dismissing the complaint, and as so modified,
affirmed, without costs of this appeal to either party.

PARKER, Ch. J., GRAY, BARTLETT and MARTIN, JJ., concur
with WERNER, J.; VANN, J., concurs with CULLEN, J.

Judgment modified, etc.