that the estate has an interest in the subject-matter of the state suit, which may be prejudiced by a decree against Newman, and prays that it may be stayed until a trustee is elected, if Newman be adjudged a bankrupt, or until the petition be dismissed. The petition for adjudication is at issue and before the referee as special master.

Charles H. Tuttle, of New York City (Irving L. Ernst, of New York City, of counsel), for receiver.

John T. Fenlon, of New York City, for Newman.

Saul S. Myers, of New York City, for Arctic Circle Corporation.

Before HOUGH, HAND, and MACK, Circuit Judges.

---

## In re EAST.

(Circuit Court of Appeals, Second Circuit. February 7, 1927.)

No. 172.

Time ⊗➝9(1)—Chattel mortgage filed on July 12, 1923, is valid, where renewal certificate was filed on July 12, 1924 (Lien Law N. Y. § 235; General Construction Law N. Y. § 20).

Under Lien Law (Consol. Laws N. Y. c. 33) § 235, relative to filing of chattel mortgage within 30 days preceding expiration of one-year term, and General Construction Law (Consol. Laws N. Y. c. 22) § 20 relating to computing time, chattel mortgage which filed on July 12, 1923, is valid, where renewal certificate was filed on July 12, 1924.

Appeal from the District Court of the United States for the Western District of New York.

In the matter of Harold R. East, bankrupt. From an order of the District Court, reversing an order of the referee in bankruptcy, sustaining validity of a chattel mortgage against the trustee, the Fair Play Securities Corporation appeals. Order of District Court reversed, and that of the referee reinstated.

The mortgage was valid when originally made, and was properly filed on July 12, 1923, the day after its execution. The renewal certificate was filed on July 12, 1924, and the sole question is whether that was in season. The trustee contended that under section 235 of the New York Lien Law and section 20 of the New York General Construction Law the last day on which the certificate could be filed was July 11, 1924. The referee overruled the objection, but the District Court upheld it.

Charles B. O'Connell and Carroll & O'Connell, all of Rochester, N. Y., for appellant.

Frederick J. Mix, of Rochester, N. Y., for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). This case involves the meaning of New York statutes, and, as the highest court of that state has not spoken, we are forced to our own interpretation. Section 235 of the Lien Law (Consol. Laws, c. 33) enacts that a chattel mortgage shall be invalid "after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless, within thirty days next preceding the expiration of each such term," a prescribed renewal certificate is filed. Section 20 of the General Construction Law (Consol. Laws, c. 22) enacts that "a number of days specified as a period from a certain day within which, or after or before which, an act is * * * to be done, means such number of calendar days, exclusive of the calendar day from which the reckoning is made. * * * The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

The mortgage was valid throughout the 12th day of July, 1924; this follows from the last sentence just quoted. Tismer v. N. Y. Edison Co., 228 N. Y. 156, 126 N. E. 729. The old rule of Aultman v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565, passed with the amendment of section 20. Therefore, if the trustee be right, the statute fixed a period for renewal which expires before the mortgage itself, and makes impossible a renewal on the last day of its admitted existence. Yet the section was plainly directed at preventing the mortgagee from renewing his mortgage too soon, not too late, probably in the interest of creditors who should search back from the expiration date. Thus the suggested interpretation lays a trap for the mortgagee, who is more likely to select for renewal the last day of the mortgage's life than any other. We ought to escape such a result if we fairly can.

The phrase in section 235, "within thirty days next preceding the expiration of each such term," need not mean "within the period of the thirty days next preceding." It is at least as reasonable to read it as meaning "after the thirtieth day before expiration"; that is, as intended only to fix the day after which the mortgagee may renew. If, for example, the period were described as within 10 days before, or 10 days after, the expiration day, it would hardly be argued, we suppose, that that day should itself be excluded, yet the verbal reasoning would be as inexorable as here. It is quite true that this interpretation extends the period of renewal from 30 to 31 days, but that is not a fatal objection. As Cullen, J., observed in Aultman v. Syme, 163 N. Y. 54,

67, 57 N. E. 168, 79 Am. St. Rep. 565, the law, in refusing to regard parts of a day, must at times either extend or reduce the period fixed. It is indeed true that we are not forced in this case to choose in that dilemma; but ours is, we think, an even more serious one, for the reasons already given. In matters of time the canon is especially persuasive that we are to look to the result. Griffith v. Bogert, 18 How. 158, 163, 15 L. Ed. 307; Taylor v. Brown, 147 U. S. 640, 645, 13 S. Ct. 549, 37 L. Ed. 313.

Judge Wallace's language in Re New York Economical Printing Co., 110 F. 514 (C. C. A. 2), was in no sense intended to decide the question now at bar. The refiling there was at least a week late, and, when the judge said that it was 8 days too late, he might equally have said 7 or 6. Chance phrases like this in an opinion are not to be seized on as authoritative; their authors know this best of all.

The order of the District Court is reversed, and that of the referee reinstated.