(62 Misc. Rep. 506.)

### NEW YORK CENT. & H. R. R. CO. v. LALLY et al.

(Supreme Court, Special Term, Westchester County.   March 8, 1909.)

EMINENT DOMAIN (§ 76*)—IMMEDIATE POSSESSION—DEPOSIT FOR—AMOUNT.

Under Code Civ. Proc. § 3380, authorizing the taking of immediate possession of property sought to be condemned, where public interests will be prejudiced by a delay, on a deposit of the sum stated in the answer as the value of the property, where a landowner designedly overestimates the value in his answer to defeat a taking of possession, the answer should be treated as if no value were stated, making a deposit of the fair value sufficient.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 76.*]

Condemnation proceedings by the New York Central & Hudson River Railroad Company against Katherine L. Lally and others. Plaintiff's motion for immediate possession granted.

George C. Andrews and Alexander S. Lyman, for plaintiff.
Lavinia Lally, for defendants.

TOMPKINS, J.  This is a motion by the plaintiff in condemnation proceedings for the immediate possession of the premises described in the petition, under section 3380 of the Code of Civil Procedure.  The land sought to be acquired consists of two parcels.  One contains 2,986 square feet, and the other 2,981 square feet.  The petition alleges that the premises sought to be acquired are not worth over $1,790.10. The original answer alleged and set forth that the said premises were worth at least the sum of $15,000.  After the papers on this motion were served upon the defendants, they obtained permission from this court to serve a supplemental answer herein, and about a month ago did serve a supplemental answer, in which they allege that the value of the land sought to be condemned is the sum of $200,000, and their claim now, on this motion, is that the plaintiff shall not be let into possession of the premises, except by depositing the sum of $200,000.

The land sought to be condemned by this proceeding is required by the plaintiff for additional yard room, and for the construction thereon of railway tracks, to afford additional and adequate facilities to the traveling public and persons engaged in shipping goods by the plaintiff as a common carrier, and in the work of eliminating grade crossings in the city of Yonkers.  The works and improvements along and upon the plaintiff's railroad above and below the defendant's premises have been in progress for several years, and it appears that for the further progress and completion of the said works and improvements the defendant's land sought to be condemned in this proceeding is immediately necessary.  The question presented by the defendant's supplemental answer is whether, to entitle the plaintiff to immediate possession of the land in question, it must deposit in court the sum of $200,000, and that involves the question whether any allegation in an answer as to the value of the land sought to be condemned, no matter how excessive or unreasonable it may be, is absolutely and in every instance controlling upon the court as to the amount to be deposited.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

In the first place, I am forced to the conclusion that the allegation that the land sought to be condemned is worth the sum of $200,000, was put into the supplemental answer, which was served after this motion was made, for the purpose of making impossible or impracticable the taking of immediate possession of the land in question by the plaintiff. The original answer set forth that the land was worth $15,000. It does not appear that any material change has taken place respecting the condition or character of the premises since the service of the original answer. It must be assumed that, when the original answer was made and verified, the defendants fixed a full and ample value upon their land, and it seems incredible that it could, in so short a time, have increased so greatly in value. I am convinced that the statement as to the value in the supplemental answer was not made in good faith, and was made for the purpose of embarrassing the plaintiff in its work and service as a common carrier, and to make impracticable, if not impossible, the depositing of the amount of money necessary to enable it to have immediate possession of the land sought.

Our courts have held that section 3380 is to be construed in the light of its purpose, "which is to enforce an immediate possession of lands condemned when public interests will be prejudiced by delay." Matter of Niagara, Lockport & Ontario Power Co., 111 App. Div. 686, 97 N. Y. Supp. 853. The same court held that "the contestant in such proceeding, by refusing to state a value on the land, by answer or otherwise, cannot be permitted to defeat the object of the statute," and that "a deposit of the fair value of the land as shown by the petition, and by affidavits founded on its assessed value, is sufficient, when the contestant, at the request of the court, refuses to state a value." And Judge Spring, writing the opinion of the court in the case above cited, says:

"Section 3365 of the Code of Civil Procedure does not require the defendant in condemnation proceedings to state the value of the property in his answer. It is not conceivable that the Legislature in the light of this fact would leave a loophole so that a contentious owner at any time might render nugatory the relief provided for in section 3380 by simply omitting to allege the value of the property sought to be taken. The Legislature, in re-enacting the substance of the law, did not intend to invest an obstructing owner with full power to render its operation ineffective. He cannot prevent the adoption of that part of the statute which inures to the benefit of the public, by refusing to avail himself of that portion which is beneficial to him."

And again Judge Spring says:

"But the intention of the Legislature was to permit the plaintiff to obtain possession upon the payment of a sufficient amount to compensate the owner fully, and if the conduct of the defendant, whether in good faith, inadvertently, or maliciously, renders a strict compliance with section 3380 impossible, the general authority conferred upon the court by section 3382 is sufficiently comprehensive to enable the obvious purpose to be accomplished."

It seems to me quite obvious that the defendants in this proceeding have designedly and grossly overstated the value of the land sought to be taken by the plaintiff, and that the amount stated in the supplemental answer as the value is palpably excessive, and was so stated for the purpose of defeating the object of the statute, which is to give the plaintiff immediate possession where the public needs require it;

and in such a case it seems to me that the effect is the same as though the answer failed to state or fix any value. The court should give effect to the plain meaning of the statute, and to do so in this case it should treat the answer as though no value were stated.

In the affidavit of the defendant Lavinia Lally, submitted in opposition to this motion, she refers to statements and testimony of real estate experts to the effect that the defendants' land west of the plaintiff's railroad tracks, a part of which only the plaintiff seeks to condemn in this proceeding, is worth $2 per square foot; and the said defendant in said affidavit also states that she is the owner of over 100,000 square feet of water front, and in the supplemental answer the defendants allege:

"That by reason of an upland approach to said property, and by reason of the filling in of said water front, the value of the water front property of these defendants is worth at least the sum of $200,000."

That would be at the rate of $2 per square foot for 100,000 square feet. Now it is admitted that the plaintiff only seeks to acquire 5,967 square feet of the defendants' 100,000 square feet, and at the rate of $2 per square foot the value of the piece of land described in the petition and sought to be acquired by the plaintiff is $11,934. So that from the defendants' affidavit used on this motion and the supplemental answer together we deduce the fact that the actual value of that part of the defendants' land west of the plaintiff's railroad track, which is to be taken by the plaintiff in this proceeding, and which consists of 5,967 square feet, is the sum of $11,934.

Another matter that deserves notice is the inconsistency between the statement in the supplemental answer that the defendants' entire water front west of the plaintiff's railroad track is worth $200,000, and the other statement, in the fourth paragraph of the same supplemental answer, that the value of the land sought to be condemned is the sum of $200,000, while the conceded fact is that the plaintiff only seeks to take 5,967 square feet of defendants' said water front property, which, according to the defendant's affidavit and other proofs, consists of about 100,000 square feet.

Under all the circumstances, it seems to me that a proper regard for the intent and purpose of the condemnation law requires that the court should grant the plaintiff's motion, and grant it immediate possession of the land described in the petition, that it may devote such land temporarily to the public use specified in the petition, upon depositing with the court the sum of $15,000.