fee, but for the present and prospective damages to that portion of his land which remained after the taking, and all of his rights were, under the law, adjudicated in that one proceeding. He has accepted the benefits of that award, without appeal, and he cannot be permitted to hold on to the $12,000 which has been paid to him in "full satisfaction of all damage sustained or which may be sustained," and relitigate the question of those damages.

The order appealed from should be reversed, with $10 costs and disbursements, and the application for a writ of peremptory mandamus denied, with costs. All concur.

---

NEW YORK CENT & H. R. R. CO. v. REUSENS et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

EMINENT DOMAIN (§ 187*)—DEPOSIT OF CONDEMNATION MONEY—IMMEDIATE POSSESSION.

    Code Civ. Proc. § 3369, provides that if no answer has been interposed to a petition for condemnation, and it appears that the plaintiff is entitled to the relief demanded, judgment shall be entered adjudging that the condemnation of the real property described is necessary for a public use, and the court shall thereupon appoint freeholders to determine the compensation thereof. Section 3371 provides that, if the commissioners' report is confirmed, the court shall enter a final order that, on payment of the compensation, plaintiff shall be entitled to enter into possession, while section 3380 provides that when an answer has been interposed, and it appears that it is to the public interest that plaintiff be permitted to immediately enter upon the real property, the court may so direct on plaintiff depositing with the court the sum stated in the answer as the value of the property. Held, that the method prescribed in the last section applies exclusively where answer has been filed, and, where no answer has been filed, the court is without jurisdiction to make an order permitting immediate entry upon deposit of a sum of money to cover the damages.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 505, 507; Dec. Dig. § 187.*]

    Hirschberg, J., dissenting.

Appeal from Special Term, Westchester County.

Condemnation by the New York Central & Hudson River Railroad Company against Guillaume A. Reusens and others. From an order permitting plaintiff to take possession of the premises before payment of compensation, defendants appeal. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, and RICH, JJ.

James W. Husted, of New York City, for appellants.
George H. Walker, of New York City, for respondent.

WOODWARD, J. The plaintiff seeks in this proceeding to condemn certain lands along the line of its railroad for additional terminal and operating facilities. The petition was duly presented at a term of the Supreme Court held in Nyack, Rockland county, on the

---

25th day of November, 1911. The defendants-appellants duly appeared, but did not put in any answer, and judgment of condemnation was duly entered in the office of the clerk of Westchester county on the 11th day of December, 1911. Subsequently the plaintiff prepared and served on said defendants a notice of motion, supported by affidavits, for an order granting the plaintiff immediate possession of the premises described in the petition, with the right to devote the same temporarily to the public uses specified therein, upon depositing with the court the sum required by the court in accordance with section 3380 of the Code of Civil Procedure, and for such other and further relief as to the court might seem proper. The defendants appeared in opposition to this motion, upon the ground that the court was without jurisdiction to grant the same, and the court granted the motion. The defendants appeal to this court from the order entered, and the only question is that of the jurisdiction of the court to grant the same.

The learned court at Special Term, in granting the motion, handed down an opinion, in which, after stating that it must be assumed for the purposes of this motion that the public interest required the immediate use of the premises, says:

"The delay in these proceedings invariably follows the judgment of condemnation and the appointment of commissioners, and is incident to the proceedings before the commissioners, and for the court to hold that it has no power in such a case as this to grant immediate possession would be to nullify the statute which was enacted for the benefit and relief of the public. I think it should be held for the purposes of this motion that, a judgment of condemnation having been made, the case stands the same as though an answer had been interposed and the trial had been had upon the issues raised thereby."

We quite agree with the learned court "that, a judgment of condemnation having been made, the case stands the same as though an answer had been interposed and the trial had been had upon the issue raised thereby," but it does not follow from this that the court is authorized to give immediate possession. On the contrary, the statute provides that:

"If the decision is in favor of the plaintiff, or if no answer has been interposed and it appears from the petition that he is entitled to the relief demanded, judgment shall be entered, adjudging that the condemnation of the real property described is necessary for the public use, and that the plaintiff is entitled to take and hold the property for the public use specified, upon making compensation therefor, and the court shall thereupon appoint three disinterested and competent freeholders," etc. Section 3369, Code of Civil Procedure.

The next section provides for the proceedings of commissioners, and section 3371 provides for the proceedings on the coming in of the report of such commissioners, and it is provided:

"If the report is confirmed, the court shall enter a final order in the proceeding, directing that compensation shall be made to the owners of the property, pursuant to the determination of the commissioners, and that upon payment of such compensation, the plaintiff shall be entitled to enter into the possession of the property condemned, and take and hold it for the public use specified in the judgment. Deposit of the money to the credit of, or

payable to the order of the owner, pursuant to the direction of the court, shall be deemed a payment within the provisions of this title."

It thus appears that the statute has fully provided for a case in which no answer is interposed, and it makes no suggestion of any intention to permit the plaintiff to enter into possession of the premises until the "payment of such compensation" as has been found by the commissioners and confirmed by the court. Under the well-established rule that the express mention of one thing excludes, by implication, all others (Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57, 57 N. E. 168, 79 Am. St. Rep. 565), it must be apparent that the learned court at Special Term has failed to get the true spirit of the statute. Section 3380 merely provides for a case in which an answer is interposed, and it appears to the satisfaction of the court that the public interests will be prejudiced by the delay, in which event the court is authorized to direct "that the plaintiff be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition, upon depositing with the court the sum stated in the answer as the value of the property, and which sum shall be applied, so far as it may be necessary for that purpose, to the payment of the award," etc. It is to avoid the delay before the entry of judgment, not that subsequent thereto, that section 3380 of the Code of Civil Procedure is directed, and, while the court will not permit a mere trick or an inadvertence to defeat the purposes of this section (N. Y. Central & H. R. R. R. Co. v. Lally, 62 Misc. Rep. 506, 115 N. Y. Supp. 897; Matter of Niagara, Lockport & Ontario Power Co., 111 App. Div. 686, 97 N. Y. Supp. 853), there is no justification in any adjudicated case for the order now before us.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

JENKS, P. J., and RICH, J., concur. HIRSCHBERG, J., dissents.